1

<pre>
 1                UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF NEW JERSEY
 2   ────────────────────────────────────────

 3   ATLAS DATA PRIVACY CORPORATION,        CIVIL ACTION NUMBER:
     et al.,
 4               Plaintiffs,                1:24-cv-04037-HB
     vs.
 5
     WE INFORM, LLC,                        Status Conference
 6               Defendants.
     ────────────────────────────────────────
 7
     ATLAS DATA PRIVACY CORPORATION,        CIVIL ACTION NUMBER:
 8   et al.,
                 Plaintiffs,                1:24-cv-04041-HB
 9   vs.

10   INFOMATICS, LLC, et al.,
                 Defendants.
11   ────────────────────────────────────────

12   ATLAS DATA PRIVACY CORPORATION,        CIVIL ACTION NUMBER:
     et al.,
13               Plaintiffs,                1:24-cv-04045-HB
     vs.
14
     THE PEOPLE SEARCHERS, LLC, et al.,
15               Defendants.
     ────────────────────────────────────────
16

17   Mitchell H. Cohen Building & U.S. Courthouse
     4th and Cooper Streets
18   Camden, New Jersey 08101
     Tuesday, January 14, 2025
19   Commencing at 9:55 a.m.

20

21   B E F O R E:            THE HONORABLE HARVEY BARTLE, III,
                             UNITED STATES DISTRICT JUDGE (EDPA)

22

23           John J. Kurz, Federal Official Court Reporter
              John_Kurz@njd.uscourts.gov  (856)576-7094
24   Proceedings recorded by mechanical stenography; transcript
             produced by computer-aided transcription.

25              (Captions continued on next page.)
</pre>

ATLAS DATA PRIVACY CORPORATION,          CIVIL ACTION NUMBER:
et al.,
                    *Plaintiffs*,          1:24-cv-04075-HB
vs.

DM GROUP, INC., et al.,
                    *Defendants*.
────────────────────────────────

ATLAS DATA PRIVACY CORPORATION,          CIVIL ACTION NUMBER:
et al.,
                    *Plaintiffs*,          1:24-cv-04080-HB
vs.

DELUXE CORPORATION, et al.,
                    *Defendants*.
────────────────────────────────

ATLAS DATA PRIVACY CORPORATION,          CIVIL ACTION NUMBER:
et al.,
                    *Plaintiffs*,          1:24-cv-04095-HB
vs.

TWILIO INC., et al.,
                    *Defendants*.
────────────────────────────────

ATLAS DATA PRIVACY CORPORATION,          CIVIL ACTION NUMBER:
et al.,
                    *Plaintiffs*,          1:24-cv-04096-HB
vs.

DELVEPOINT, LLC, et al.,
                    *Defendants*.
────────────────────────────────

ATLAS DATA PRIVACY CORPORATION,          CIVIL ACTION NUMBER:
et al.,
                    *Plaintiffs*,          1:24-cv-04098-HB
vs.

QUANTARIUM ALLIANCE, LLC, et al.,
                    *Defendants*.
────────────────────────────────

                    (Captions continued on next page.)

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | CIVIL ACTION NUMBER: |
| *Plaintiffs*, | 1:24-cv-04103-HB |
| vs. | |
| YARDI SYSTEMS, INC., et al., | |
| *Defendants*. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | CIVIL ACTION NUMBER: |
| *Plaintiffs*, | 1:24-cv-04141-HB |
| vs. | |
| DIGITAL SAFETY PRODUCTS, LLC, et al., | |
| *Defendants*. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | CIVIL ACTION NUMBER: |
| *Plaintiffs*, | 1:24-cv-04143-HB |
| vs. | |
| CIVIL DATA RESEARCH, | |
| *Defendants*. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | CIVIL ACTION NUMBER: |
| *Plaintiffs*, | 1:24-cv-04160-HB |
| vs. | |
| SCALABLE COMMERCE, LLC, et al., | |
| *Defendants*. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | CIVIL ACTION NUMBER: |
| *Plaintiffs*, | 1:24-cv-04168-HB |
| vs. | |
| EPSILON DATA MANAGEMENT, LLC, et al., | |
| *Defendants*. | |

(Captions continued on next page.)

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | CIVIL ACTION NUMBER: |
| Plaintiffs, | 1:24-cv-04174-HB |
| vs. | |
| LABELS & LISTS, INC., | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | CIVIL ACTION NUMBER: |
| Plaintiffs, | 1:24-cv-04175-HB |
| vs. | |
| CLARITAS, LLC, et al., | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | CIVIL ACTION NUMBER: |
| Plaintiffs, | 1:24-cv-04176-HB |
| vs. | |
| INNOVIS DATA SOLUTIONS INC., et al., | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | CIVIL ACTION NUMBER: |
| Plaintiffs, | 1:24-cv-04178-HB |
| vs. | |
| ACCURATE APPEND, INC., et al., | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | CIVIL ACTION NUMBER: |
| Plaintiffs, | 1:24-cv-04233-HB |
| vs. | |
| BLACK KNIGHT TECHNOLOGIES, LLC, et al., | |
| Defendants. | |

(Captions continued on next page.)

| | | |
|---|---|---|
| 1 | ATLAS DATA PRIVACY CORPORATION, | CIVIL ACTION NUMBER: |
| 2 | et al.,<br>              *Plaintiffs*, | 1:24-cv-04256-HB |
| 3 | vs. | |
| 4 | ZILLOW, INC., et al.,<br>              *Defendants*. | |
| 5 | ──────────────────────── | |
| 6 | ATLAS DATA PRIVACY CORPORATION,<br>et al., | CIVIL ACTION NUMBER: |
| 7 |               *Plaintiffs*,<br>vs. | 1:24-cv-04261-HB |
| 8 | EQUIMINE, INC., et al., | |
| 9 |               *Defendants*.<br>──────────────────────── | |
| 10 | ATLAS DATA PRIVACY CORPORATION, | CIVIL ACTION NUMBER: |
| 11 | et al.,<br>              *Plaintiffs*, | 1:24-cv-04269-HB |
| 12 | vs. | |
| 13 | THOMSON REUTERS CORPORATION, et al.,<br>              *Defendants*. | |
| 14 | ──────────────────────── | |
| 15 | ATLAS DATA PRIVACY CORPORATION,<br>et al., | CIVIL ACTION NUMBER: |
| 16 |               *Plaintiffs*,<br>vs. | 1:24-cv-04288-HB |
| 17 | TRANSUNION, LLC, et al., | |
| 18 |               *Defendants*.<br>──────────────────────── | |
| 19 | ATLAS DATA PRIVACY CORPORATION, | CIVIL ACTION NUMBER: |
| 20 | et al.,<br>              *Plaintiffs*, | 1:24-cv-04292-HB |
| 21 | vs. | |
| 22 | MELISSA DATA CORP., et al.,<br>              *Defendants*. | |
| 23 | ──────────────────────── | |
| 24 | | |
| 25 | (Captions continued on next page.) | |

1   ATLAS DATA PRIVACY CORPORATION,          CIVIL ACTION NUMBER:
    et al.,
2                    *Plaintiffs*,          1:24-cv-04298-HB
    vs.
3
    EQUIFAX INC., et al.,
4                    *Defendants*.
5   ─────────────────────────────

    ATLAS DATA PRIVACY CORPORATION,          CIVIL ACTION NUMBER:
6   et al.,
                     *Plaintiffs*,          1:24-cv-04324-HB
7   vs.
8   RESTORATION OF AMERICA, et al.,
                     *Defendants*.
9   ─────────────────────────────
10  ATLAS DATA PRIVACY CORPORATION,          CIVIL ACTION NUMBER:
    et al.,
11                   *Plaintiffs*,          1:24-cv-04345-HB
    vs.
12
    i360, LLC, et al.,
13                   *Defendants*.
14  ─────────────────────────────
15  ATLAS DATA PRIVACY CORPORATION,          CIVIL ACTION NUMBER:
    et al.,
16                   *Plaintiffs*,          1:24-cv-04380-HB
    vs.
17
    GOHUNT, LLC, et al.,
18                   *Defendants*.
19  ─────────────────────────────
    ATLAS DATA PRIVACY CORPORATION,          CIVIL ACTION NUMBER:
20  et al.,
                     *Plaintiffs*,          1:24-cv-04383-HB
21  vs.
22  ACCUZIP, INC., et al.,
                     *Defendants*.
23  ─────────────────────────────
24
25                 (Captions continued on next page.)

*United States District Court*
*District of New Jersey*

| | |
|---|---|
| **ATLAS DATA PRIVACY CORPORATION,** **et al.,** | **CIVIL ACTION NUMBER:** |
| *Plaintiffs*, | **1:24-cv-04385-HB** |
| **vs.** | |
| **SYNAPTIX TECHNOLOGY, LLC, et al.,** | |
| *Defendants*. | |

| | |
|---|---|
| **ATLAS DATA PRIVACY CORPORATION,** **et al.,** | **CIVIL ACTION NUMBER:** |
| *Plaintiffs*, | **1:24-cv-04389-HB** |
| **vs.** | |
| **JOY ROCKWELL ENTERPRISES, INC.,** **et al.,** | |
| *Defendants*. | |

| | |
|---|---|
| **ATLAS DATA PRIVACY CORPORATION,** **et al.,** | **CIVIL ACTION NUMBER:** |
| *Plaintiffs*, | **1:24-cv-04390-HB** |
| **vs.** | |
| **FORTNOFF FINANCIAL, LLC, et al.,** | |
| *Defendants*. | |

| | |
|---|---|
| **ATLAS DATA PRIVACY CORPORATION,** **et al.,** | **CIVIL ACTION NUMBER:** |
| *Plaintiffs*, | **1:24-cv-04392-HB** |
| **vs.** | |
| **MYHERITAGE, LTD., et al.,** | |
| *Defendants*. | |

| | |
|---|---|
| **ATLAS DATA PRIVACY CORPORATION,** **et al.,** | **CIVIL ACTION NUMBER:** |
| *Plaintiffs*, | **1:24-cv-04434-HB** |
| **vs.** | |
| **E-MERGES.COM, INC.,** | |
| *Defendants*. | |

**(Captions continued on next page.)**

| | | |
|---|---|---|
| 1 | ATLAS DATA PRIVACY CORPORATION, et al., | CIVIL ACTION NUMBER: |
| 2 | Plaintiffs, | 1:24-cv-04609-HB |
| 3 | vs. | |
| | NUWBER, INC., et al., | |
| 4 | Defendants. | |
| 5 | ───────────────────── | |
| | ATLAS DATA PRIVACY CORPORATION, et al., | CIVIL ACTION NUMBER: |
| 6 | | |
| 7 | Plaintiffs, | 1:24-cv-04664-HB |
| | vs. | |
| 8 | ROCKETREACH LLC, et al., | |
| | Defendants. | |
| 9 | ───────────────────── | |
| 10 | ATLAS DATA PRIVACY CORPORATION, et al., | CIVIL ACTION NUMBER: |
| 11 | Plaintiffs, | 1:24-cv-04696-HB |
| 12 | vs. | |
| | OUTSIDE INTERACTIVE, INC., | |
| 13 | Defendants. | |
| 14 | ───────────────────── | |
| | ATLAS DATA PRIVACY CORPORATION, et al., | CIVIL ACTION NUMBER: |
| 15 | | |
| | Plaintiffs, | 1:24-cv-04850-HB |
| 16 | vs. | |
| 17 | THE LIFETIME VALUE CO. LLC, et al., | |
| | Defendants. | |
| 18 | ───────────────────── | |
| 19 | ATLAS DATA PRIVACY CORPORATION, et al., | CIVIL ACTION NUMBER: |
| 20 | Plaintiffs, | 1:24-cv-04949-HB |
| 21 | vs. | |
| | BELLES CAMP COMMUNICATIONS, INC., | |
| 22 | et al., | |
| | Defendants. | |
| 23 | ───────────────────── | |
| 24 | | |
| 25 | (Captions continued on next page.) | |

9

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | CIVIL ACTION NUMBER: |
|          *Plaintiffs*, | 1:24-cv-05600-HB |
| vs. | |
| PROPERTYRADAR, INC., et al., | |
|          *Defendants*. | |

```
1    ATLAS DATA PRIVACY CORPORATION,        CIVIL ACTION NUMBER:
     et al.,
2                    Plaintiffs,            1:24-cv-05600-HB
     vs.
3
     PROPERTYRADAR, INC., et al.,
4                    Defendants.
     ───────────────────────────────
5
     ATLAS DATA PRIVACY CORPORATION,        CIVIL ACTION NUMBER:
6    et al.,
                     Plaintiffs,            1:24-cv-05656-HB
7    vs.

8    THE ALESCO GROUP, L.L.C.,
                     Defendants.
9    ───────────────────────────────
     ATLAS DATA PRIVACY CORPORATION,        CIVIL ACTION NUMBER:
10   et al.,
                     Plaintiffs,            1:24-cv-05658-HB
11   vs.

12   SEARCHBUG, INC.,
                     Defendants.
13   ───────────────────────────────
     ATLAS DATA PRIVACY CORPORATION,        CIVIL ACTION NUMBER:
14   et al.,
                     Plaintiffs,            1:24-cv-05775-HB
15   vs.

16   AMERILIST, INC., et al.,
                     Defendants.
17   ───────────────────────────────
     ATLAS DATA PRIVACY CORPORATION,        CIVIL ACTION NUMBER:
18   et al.,
                     Plaintiffs,            1:24-cv-06160-HB
19   vs.

20   LEXISNEXIS RISK DATA MANAGEMENT,
     LLC, et al.,
21                   Defendants.

22   ───────────────────────────────
     ATLAS DATA PRIVACY CORPORATION,        CIVIL ACTION NUMBER:
23   et al.,
                     Plaintiffs,            1:24-cv-07324-HB
24   vs.

25   US DATA CORPORATION,
                     Defendants.
```

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | CIVIL ACTION NUMBER: |
| Plaintiffs, | 1:24–cv–08075–HB |
| vs. | |
| SMARTY, LLC, et al., | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | CIVIL ACTION NUMBER: |
| Plaintiffs, | 1:24–cv–08451–HB |
| vs. | |
| COMPACT INFORMATION SYSTEMS, LLC, et al., | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | CIVIL ACTION NUMBER: |
| Plaintiffs, | 1:24–cv–10600–HB |
| vs. | |
| DARKOWL, LLC, et al., | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | CIVIL ACTION NUMBER: |
| Plaintiffs, | 1:24–cv–11023–HB |
| vs. | |
| SPY DIALER, INC., et al., | |
| Defendants. | |

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al., | CIVIL ACTION NUMBER: |
| Plaintiffs, | 1:24–cv–11443–HB |
| vs. | |
| LIGHTHOUSE LIST COMPANY, LLC, et al., | |
| Defendants. | |

```
 1    A P P E A R A N C E S:

 2         BOIES SCHILLER FLEXNER LLP
           BY: ADAM R. SHAW, ESQUIRE
 3         30 South Pearl Street, 12th Floor
           Albany, New York 12207
 4         For the Plaintiffs

 5         PEM LAW LLP
           BY:  RAJIV D. PARIKH, ESQUIRE
 6         1 Boland Drive, Suite 101
           West Orange, New Jersey 07052
 7         For the Plaintiffs

 8         TROUTMAN PEPPER HAMILTON SANDERS LLP
           BY:  ANGELO A. STIO III, ESQUIRE
 9              MICHAEL SCHWARTZ, ESQUIRE
           301 Carnegie Center, Suite 400
10         Princeton, New Jersey 08543
           For the Defendants CARCO Group Inc.; Acxiom, LLC;
11         AtData, LLC; Deluxe Corporation; DM Group, Inc.;
           Enformion, LLC; Red Violet, Inc.; Remine Inc.;
12         RocketReach LLC; CoreLogic, Inc.

13         SEYFARTH SHAW LLP
           By:  ROBERT T. SZYBA, Esquire
14         620 Eighth Avenue, 32nd Floor
           New York, New York 10018
15         For the Defendants Infomatics, LLC; The People
           Searchers, LLC; and We Inform, LLC, et al.
16
           FISHERBROYLES, LLP
17         BY:  JASON A. SPAK, ESQUIRE
           6360 Broad Street, Number 5262
18         Pittsburgh, Pennsylvania 15206
           For the Defendant Innovis Data
19
           GREENSPOON MARDER
20         BY:  KELLY MAGNUS PURCARO, ESQUIRE
           1037 Raymond Blvd., Suite 900
21         Newark, New Jersey 07102
           For the Defendants The Alesco Group, Amerilist, Darkowl,
22         Searchbug, US Data, Joy Rockwell

23         BLANK ROME LLP
           BY:  THOMAS P. CIALINO, ESQUIRE
24         One Logan Square, 130 N. 18th Street
           Philadelphia, Pennsylvania 19103
25         For the Defendant Belles Camp
```

**A P P E A R A N C E S:** **(Continued)**

CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
BY:  JOHN MACDONALD, ESQUIRE
2029 Century Park East, Suite 1100
Los Angeles, California 90067
For the Defendants Restoration of America and Access

RKW, LLC
BY:  H. MARK STICHEL, ESQUIRE (*pro hac vice*)
10075 Red Run Boulevard, Suite 401
Owings Mills, Maryland 21117
For the Defendant eMerges.com, Inc.

GIBBONS, P.C.
BY:  KEVIN REED REICH, ESQUIRE
One Gateway Center
Newark, New Jersey 07102
For the Defendant Equimine, Inc.

BUCHANAN INGERSOLL & ROONEY, P.C.
BY:  KRISTA ANN ROSE, ESQUIRE
50 South 16th Street, Suite 3200
Philadelphia, Pennsylvania 19102
For the Defendants Zillow and TransUnion

GREENBERG TRAURIG LLP
BY:  DAVID E. SELLINGER, ESQUIRE
500 Campus Drive, Suite 400, P.O. Box 677
Florham Park, New Jersey
For the Defendant Gohunt, LLC

SIDLEY AUSTIN LLP
BY:  TYLER J. DOMINO, Esquire
787 Seventh Avenue
New York, New York 10019
For the Defendant MyHeritage (USA), Inc.

BALLARD SPAHR, LLP
BY:  MICHAEL LOUIS BERRY, ESQUIRE
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103
For the Defendant Thomson Reuters Corp

ZWILLGEN LAW
BY:  SUDHIR RAO, ESQUIRE
1900 M Street NW, Suite 250
Washington, DC 20036
For the Defendant Lighthouse List Company

1    **A P P E A R A N C E S:** (Continued)

2        RIKER DANZIG, LLP
         BY:  OMAR MAROUF, ESQUIRE
3        One Speedwell Avenue
         Morristown, New Jersey 07962
4        For the Defendant Melissa Data Corp.

5        LOMURRO LAW
         BY:  ANDREW BLAKE BROOME, ESQUIRE
6        4 Paragon Way, Suite 100
         Freehold, New Jersey 07728
7        For the Defendant Scalable Commerce, LLC

8        WOOD, SMITH, HENNING & BERMAN
         BY:  JARED K. LEVY, ESQUIRE
9        5 Waller Avenue, Suite 200
         White Plains, New York 10601
10       For the Defendant Compact Information Systems, LLC,
         Accudata, Alumnifinder, ASL Marketing, College Bound
11       Selection Service and DeepSync Labs

12       MANATT, PHELPS & PHILLIPS, LLP
         BY:  KEN FRIEDMAN, ESQUIRE
13       7 Times Square
         New York, New York 10036
14       For the Defendant Smarty, LLC

15       COOPER, LLC
         BY:  RYAN JOHN COOPER, ESQUIRE
16       108 N. Union Avenue, Suite 4
         Cranford, New Jersey 07016
17       For the Defendant Labels & Lists, Inc.

18       KAUFMAN DOLOWICH, LLP
         BY:  TIMOTHY MARK ORTOLANI, ESQUIRE
19       25 Main Street, Suite 500, Court Plaza North
         Hackensack, New Jersey 07601
20       For the Defendant Spy Dialer, Inc.

21       LEWIS BRISBOIS BISGAARD & SMITH LLP
         BY:  MATTHEW STEPHEN AHKAO, ESQUIRE
22       One Riverfront Plaza, Suite 800
         Newark, New Jersey 07102
23       For the Defendant Synaptix

24

25

1  **A P P E A R A N C E S:** (Continued)

2       WADE CLARK MULCAHY
        BY:  JAMES W. SCOTT, JR., ESQUIRE
3       1515 Market Street, Suite 2050
        Philadelphia, Pennsylvania 19102
4       For the Defendant Delvepoint, LLC

5       GORDON REES SCULLY MANSUKHANI
        BY:  BIANCA C. EVANS, ESQUIRE
6       Three Logan Square, 1717 Arch Street, Suite 610
        Philadelphia, Pennsylvania 19103
7       For the Defendant Quantarium Alliance, LLC

8       LOWENSTEIN SANDLER
        BY:  PETER QUINN, ESQUIRE
9       One Lowenstein Drive
        Roseland, New Jersey 07068
10      For the Defendant Accuzip, Inc

11      STINSON LLP
        BY: NICOLE KHALOUIAN, ESQUIRE
12      100 Wall Street, Suite 201
        New York, New York 10005
13      For the Defendant i360, LLC

14      NEW JERSEY OFFICE OF ATTORNEY GENERAL DIVISION OF LAW
        BY:  PATRICK JAMES MISALE, DEPUTY ATTORNEY GENERAL
15      124 Halsey Street, 5th Floor
        Newark, New Jersey 07101
16      For the Intervenor Attorney General of New Jersey

17  **Also Present:**

18  Larry MacStravic, The Courtroom Deputy

19  Ryan Rose, Judicial Law Clerk

20

21

22

23

24

25

1                            **INDEX**

2                          **ARGUMENT**

3    **ATTORNEYS:**                                         **PAGE**

4    By Mr. Stio                              17, 34, 50

5    By Mr. Shaw                              25, 45, 55

6    By Ms. Purcaro                               43, 47

7    By Mr. Parikh                                    52

8    By Mr. Szyba                                     56

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
1                (PROCEEDINGS held in open court before The Honorable

2     Harvey Bartle, III, United States District Judge, at

3     9:55 a.m. as follows:)

4                THE COURTROOM DEPUTY:  All rise.

5                THE COURT:  Good morning.  Happy New Year.

6                MR. SHAW:  Good morning, Your Honor.

7                MR. STIO:  Good morning, Your Honor.

8                THE COURT:  You may be seated.

9                MR. PARIKH:  Happy New Year, Your Honor.

10               THE COURT:  Back in November, of course the Court

11    made its decision on the constitutionality of Daniel's Law and

12    has certified that order, the Court of Appeals, under

13    28 U.S.C., 1292(b).  That statute gives the Court discretion to

14    continue with the matter even though there may be an appeal.

15               And as a result of that, last year I asked the

16    parties to confer as to what the next steps should be, and

17    particularly with regard to what motions, additional motions

18    the defendants may be contemplating, which will help inform me

19    as to which way we should go.

20               So I think maybe we'll start with you, Mr. Stio, as

21    to what the defendants contemplate.

22               I assume you've had a chance to confer with both

23    codefendants and with the plaintiffs on that subject.

24               MR. STIO:  Good morning, Your Honor.

25               THE COURT:  Good morning.
```

```
 1              MR. STIO:  Yes.  I have conferred with codefendants
 2    and I've also conferred with the plaintiffs' counsel.
 3              We have contemplated the following types of motions
 4    that are out there.  One is a lack of personal jurisdiction.
 5    And I'll put them in buckets, Your Honor.
 6              THE COURT:  Sure.
 7              MR. STIO:  Two would be:  Compel arbitration.
 8    There's change of venue, and then Rule 12(b)(6).
 9              Your Honor --
10              THE COURT:  12(b)(6) meaning?
11              MR. STIO:  Failure to state, like plausibility.  But
12    there are different flavors of it.
13              THE COURT:  Uh-huh.
14              MR. STIO:  So, "as-applied," some of the defendants
15    believe they can bring that at the pleading stage.
16              There is Communications Decency Act.  There is --
17              THE COURT:  Communications Decency Act?
18              MR. STIO:  Correct.
19              THE COURT:  That's a federal statute, I assume.
20              MR. STIO:  There is few that have standing,
21    extraterritorial application of New Jersey state law to
22    out-of-state defendants, and different flavors of preemption
23    for entities that are governed by the Fair Credit Reporting
24    Act, Your Honor.
25              THE COURT:  All right.  Now, would there be
```

1    consolidated motions on some of these or is this a free-for-all

2    where everybody's going to file their own?

3              MR. STIO:  Yeah.  Your Honor, unfortunately, I think

4    it may be a free-for-all, absent some sort of sequencing as to

5    maybe issues.

6              But one question I had, Your Honor --

7              THE COURT:  Sure.  Go ahead.

8              MR. STIO:  -- you indicated that the Court has

9    discretion pending an appeal.  Is the discretion as to when

10   they're deciding the petition or is it the Court's position

11   that --

12             THE COURT:  No.  I'm talking about under 1292.

13             MR. STIO:  Yeah.

14             THE COURT:  The statute says the district court may

15   continue with the action, not stay it, pending activity in the

16   Court of Appeals.

17             MR. STIO:  Got it.

18             THE COURT:  Of course, the Court of Appeals has a

19   right to overrule my decision.  So it is an unfettered

20   authority on my part.

21             MR. STIO:  No; I got you.

22             THE COURT:  So I could go forward and then you could

23   obviously ask the Court of Appeals to prevent my going forward,

24   sure.

25             MR. STIO:  Understood.

```
 1              THE COURT:  Right.
 2              MR. STIO:  But our request initially, and I'm here
 3    prepared to talk about the motions, is to continue the stay.
 4    And I say that because the briefing on the constitutional issue
 5    was finalized on December 23rd.
 6              THE COURT:  Right.
 7              MR. STIO:  Typically it takes -- and I am doing this
 8    just from my review of dockets -- 20 to 30 days for the Third
 9    Circuit to rule.
10              We had the Holiday, the New Year.
11              THE COURT:  Right.
12              MR. STIO:  And I would think that they would make a
13    ruling this month.  But that would be the defendants' initial
14    position.
15              THE COURT:  Right.  I understand.  Obviously if they
16    don't take the appeal, then we move forward.  That's easy.
17              MR. STIO:  Absolutely.
18              THE COURT:  The question then becomes, assuming they
19    do go forward, whether I should continue to have motions filed,
20    briefing, so we can get this thing moving, because there are an
21    awful lot of issues here.
22              MR. STIO:  Yeah.  And maybe I could throw out an
23    idea.
24              THE COURT:  Go ahead.
25              MR. STIO:  We have shared this information with our
```

1    adversary about the motions, the type of motions.

2            THE COURT:  Right.

3            MR. STIO:  And in light of the Court's constitutional

4    decision, do the plaintiffs want to file an amended complaint?

5            And I say that because we can go through all these

6    motions, and it could be the Wild, Wild West.  And typically a

7    judge is going to say you have leave to appeal.  Maybe it makes

8    more sense to say, well, now that you see the motions, do you

9    want to amend?  They file an amended complaint and that may

10   eliminate some of these motions or all of them depending on

11   what that looks like.  But that would be a way where we're not

12   getting out in front of the Court, the Third Circuit.  We're

13   not spending a lot of time briefing only to have an amended

14   complaint.

15           And, you know, the other issue is, some of these

16   motions are going to be dependent on what the Third Circuit

17   does.  And I'll give you an example.

18           The as-applied constitutional challenge, I can't see

19   that being filed before the Third Circuit makes a decision.

20   Either they're going to say no to the petition or they're going

21   to accept the petition, the appeal, and then we have to see,

22   okay, what is the standard.

23           Additionally, even on a failure to state a claim, if

24   we are briefing that on what the statute and the mens rea or

25   liability standard is, we can go through and brief negligence.

```
 1    But if the Third Circuit accepts the appeal, do we want to
 2    brief that before the Third Circuit said, yes, this is the
 3    applied standard that's there?
 4              THE COURT:  Right.
 5              MR. STIO:  So I throw it out that maybe there is a
 6    way to move this forward, avoid a second round of motions.
 7    We've told them what the bases for our motions are, as I told
 8    you here.
 9              THE COURT:  Right.  Right.
10              MR. STIO:  Do they want to amend?
11              THE COURT:  Well, let me ask you:  The issue of
12    personal jurisdiction, and I'll let plaintiffs speak to how an
13    amended complaint is going to affect personal jurisdiction.
14              MR. STIO:  So I will articulate it this way.
15              THE COURT:  Okay.
16              MR. STIO:  In personal jurisdiction, if jurisdiction
17    isn't pled or it isn't viewable on the face of the complaint,
18    they wouldn't be entitled jurisdictional discovery.
19              We don't believe, and I say "we," not including me,
20    but some of the defendants don't believe that they have
21    adequately alleged jurisdiction in the complaints.  There's a
22    way that they can amend as to that.  And maybe it makes -- or
23    disposes of a motion as to we want discovery, you're not
24    entitled to discovery.
25              THE COURT:  Because usually when the issue of
```

```
 1   personal jurisdiction is raised, I have allowed a period of

 2   time for discovery limited to that subject.

 3             MR. STIO:  Correct.

 4             THE COURT:  And I assume the issue is going to be

 5   maybe different for each defendant and maybe the issue is the

 6   same.  And it may depend, too, you know, this whole issue, the

 7   Mallory issue in the Supreme Court in terms of consent.  And I

 8   don't know whether all these companies have -- I assume they've

 9   registered to do business in New Jersey or not, all the

10   defendants.

11             MR. STIO:  Not all of them are registered.

12             THE COURT:  Not all of them have --

13             MR. STIO:  Not all of the defendants are going to

14   file personal jurisdiction.

15             THE COURT:  Okay.  Right.

16             MR. STIO:  Yeah.  I mean, I can give you an estimate,

17   but there's probably 13 to 14 that are looking at jurisdiction.

18             THE COURT:  Right.

19             MR. STIO:  Two to three --

20             THE COURT:  Out of about 40?

21             MR. STIO:  Yeah.  I had 37, and I think that --

22             THE COURT:  Well, there are three new ones that have

23   been filed.

24             MR. STIO:  Oh, they just came in?

25             THE COURT:  Well, over the last month or so.
```

```
 1                MR. STIO:  Okay.

 2                THE COURT:  Well, in any event, so -- but normally

 3     personal jurisdiction would require discovery.

 4                Now, I'm interested in this defense of arbitration,

 5     that's a matter of contract obviously.  Are there arbitration

 6     agreements between the plaintiffs and the defendants?

 7                MR. STIO:  This is what I know about that.  And it's

 8     not, you know, one of my clients, but there are terms of use to

 9     use a website, to get information off of a website.  And those

10     terms of use contain an arbitration clause for alternate

11     dispute resolution.  And that, at a high level, without binding

12     any defendant here, is --

13                THE COURT:  No, I understand that.  I'm just trying

14     to -- we're not arguing the motion now.

15                MR. STIO:  You're right, it is -- yeah, it is -- it

16     would be contract.

17                THE COURT:  Yeah.  And this would be something that

18     all the defendants are pressing or just some, certain of them?

19                MR. STIO:  No.  Two to three defendants are pressing

20     that.

21                THE COURT:  Okay.

22                Now, in terms of -- let's just talk about briefly

23     change of venue that you raised.

24                MR. STIO:  There are approximately four defendants

25     who would pursue that.  And, again, Your Honor, I have 37
```

1    defendants who are involved.  I have had answers and responses

2    other than, "hey, we're still evaluating it," from about 31 to

3    32 of them.

4            THE COURT:  Okay.  All right.  I'm just -- and we'll

5    pass over the 12(b)(6) for the moment, how about this -- was it

6    the Decency Act?  What do you call it?

7            MR. STIO:  Yeah.  There's probably four, three to

8    four who would deal with that motion.

9            THE COURT:  And then we have standing.

10           MR. STIO:  Another two to three.

11           THE COURT:  And this issue of territorial

12   application.

13           MR. STIO:  I think that --

14           THE COURT:  Out of state.

15           MR. STIO:  I think that three of the defendants have

16   raised that.

17           THE COURT:  And then we have preemption.

18           MR. STIO:  That right now is -- I believe one

19   defendant has wanted to raise that one.

20           THE COURT:  All right.  Well, let me hear from

21   Mr. Shaw and Mr. Parikh.

22           MR. STIO:  Sure.  Thank you.

23           THE COURT:  So we'll see.

24           MR. SHAW:  Good morning, Your Honor.

25           THE COURT:  Good morning.

1      MR. SHAW:  Adam Shaw for the plaintiffs.  Happy New

2  Year.

3      THE COURT:  Yes.

4      MR. SHAW:  I wanted to touch on a couple of those

5  topics.

6      THE COURT:  Sure.

7      MR. SHAW:  Essentially, one issue about practicality,

8  another issue about coordination, and then ultimately about

9  timing.

10     I know Your Honor's been very practical about what

11  we're doing here, and I appreciate that.  Essentially, what's

12  going on is a motion to stay pending appeal.  And if you had

13  done that, if that were presented to you, there would be an

14  evaluation of the various standards and things, and, you know,

15  we haven't been going through that, and that's fine, because we

16  know you're being practical about it.  And you've been

17  practical so far in coordinating, and I think that's been very

18  helpful in this case.

19     Clearly, on the motions to remand, you know, we came

20  in, there was 70 or so parties, defendants and cases in this

21  case.  You coordinated about the remand.  Then there was

22  coordination efforts on the motion to dismiss for the

23  constitutionality question, and that worked out really well.

24  And I think it's very, very important to do that and to

25  continue to think about doing that here.

```
 1            Part of our problem in coordination right now is that
 2   these numbers -- you asked the defendants to get together to
 3   figure out which motions are being made here, and they've told
 4   us these topics.  But frankly, the chart they gave, none of the
 5   numbers they gave us match up to what Mr. Stio is saying.  And
 6   it could be up to a dozen more people are making various
 7   motions.  And, for example, he mentioned the arbitration.  The
 8   chart they gave us, there's zero people who said they're going
 9   to do that.  And there's ten people or nine people who said,
10   "To be determined."  So it may be zero who are making that
11   motion.
12            THE COURT:  Right.
13            MR. SHAW:  We don't know.
14            Kind of to add to the mystery here and maybe
15   difficulty in organizing a little bit is that they won't even
16   tell us which defendants are doing what.  Instead they've given
17   us a chart and labeled people A, B, C and D through double L.
18   So it adds to some of the challenge.
19            And I would just commend Your Honor to -- I think
20   coordination is important in this case, and I think we need to
21   have them coordinate.
22            We do think that a lot of these motions revolve
23   around similar legal concepts.  And because of that, we think
24   that the defendants should file motions all at the same time on
25   these topics.
```

1      I don't -- for example, 12(b)(6), he suggested it as

2 one motion.  And I think that's right.  It might have different

3 parts to it, and different defendants might move on

4 different -- certain grounds, but I think that could be one

5 motion.  I think that should be coordinated.

6      I think the same thing with the lack of personal

7 jurisdiction.  It's true that each defendant might have

8 different facts about where they operate, but the legal

9 principles should be the same.  And I think there should be

10 coordination on that.  Same thing with this arbitration and

11 change of venue.  I think if there's going to be motions on

12 these topics, they should be filed in one coordinated motion.

13 If people have certain aspects to them that they want to file

14 differently, I'm sure there's a way that Your Honor could do

15 that, just as it did with the First Amendment arguments.

16      Now, as to the lack of personal jurisdiction and even

17 as to the motion to amend, I see two kind of impractical

18 problems with the suggestion that Mr. Stio made.  One, he

19 hasn't told us any details of the problems with the complaint.

20 He's just spoken at a very high level of some of these things.

21 How could we possibly amend first before we understand what

22 their arguments are?

23      If there's an opportunity to amend and clear up and

24 resolve some of the issues, I would say he should tell us what

25 the basis is of the motion and in some measure of detail

1    through a meet-and-confer or letters or something like that now

2    so we can resolve it.  If there's a way to resolve issues and

3    maybe it's just a pleading, they're saying we're missing a

4    line, I think it's all --

5              THE COURT:  It seems like a lot of wasted time to

6    fight over personal jurisdiction simply because of some

7    technical -- what may be a technical deficiency in the

8    complaint.  Either there is personal jurisdiction or there

9    isn't.  We all understand what the thrust of this is.  And I

10   think that you're wasting your client's money if you start

11   doing -- playing games like that.

12             MR. SHAW:  That's exactly where I was going with

13   that.

14             THE COURT:  If they wanted to seek to dismiss for

15   lack of personal jurisdiction, then file the motion and we'll

16   have some discovery on it and deal with it.

17             MR. SHAW:  Exactly.  And -- exactly.  I was going to

18   say exactly.

19             So it is impractical some of the things that he's

20   been talking about here.

21             So I think there should be coordination.  I think

22   there should be a lot of coordination.  I think Your Honor

23   should have a -- should impose that.  Because they haven't even

24   told us the names of the people who are making the motion.

25   What's the game here?  Why -- what's the game?

1    THE COURT:  Well, one possibility is to just -- and
2    I'm thinking out loud now, I've made no decision -- set a
3    deadline for all other pretrial motions.  And if 40 defendants
4    want to file separate motions and file separate briefs, then
5    it's up to them.  I mean, it seems to me it would make sense to
6    try to coordinate for everybody to be spending their client's
7    money to file that sort of thing.
8        And then obviously I'd take a look at it, for
9    example, on the issue of personal jurisdiction, then I would
10   have to decide, looking at the briefs, whether there are
11   factual issues, and then give the parties a certain amount of
12   time to take discovery with respect to personal jurisdiction.
13   We'll have to see how many.
14       I mean, Mr. Stio mentioned 13 or 14.  Maybe there
15   will be more, maybe there will be fewer.
16       MR. SHAW:  Right.  Which he already gave us 10 to be
17   determined on top of that.
18       THE COURT:  Well, everybody -- if there is a
19   deadline, then everybody would have to -- no more "to be
20   determined."  They'd have to make their decisions.
21       MR. SHAW:  I agree.
22       THE COURT:  And I commend all the parties for, you
23   know, coordinating with respect to, you know, the remand and
24   also on the constitutional issue.  That was terrific.  That was
25   well done on everybody's part.  This is, I can see, a little

1    bit more difficult.  But that's why I wanted to have you get
2    together just to kind of get a feel for what we're talking
3    about here.  And I guess we'll never know for sure until I set
4    a deadline and then the motions come -- are being filed.
5              MR. SHAW:  Correct, Your Honor.
6              So also that thinking makes a lot of sense to us and
7    I think makes a lot of practical sense in the case, and then
8    you get to the issue of timing.  And I know you're trying to
9    give the Third Circuit a little bit of birth here to try to do
10   what it's going to do, and we respect that.  But at the same
11   time, as you mentioned at the beginning of this hearing,
12   there's no stay automatically.  So as a practical matter, what
13   could we do?
14             And I think that setting a deadline, you know -- I
15   mean, remember, they've been, you know, kind of thinking about
16   these motions since almost a year ago.  Well, eight months ago.
17   So they should be able to make them in short order from now.
18   And we would suggest some time period that gives the Third
19   Circuit a little bit of time, but also allows the Court to
20   prepare to move forward if they don't take the case.  And that
21   would be, we would suggest, you know, the end of the month.
22   Two weeks from now they should file these motions.
23             THE COURT:  Well, I think they might need a little
24   bit more time.  In other words, it would not just be the
25   motions but the brief in support of the motion.

```
 1              MR. SHAW:  Well --
 2              THE COURT:  I think you would have to -- you can't
 3     just file a motion, well, we move to dismiss on personal
 4     jurisdiction period.  So, I mean, I have some feel for it.
 5              Now, are you suggesting that maybe I should wait --
 6     if the Court of Appeals takes the case, then what's your
 7     position?
 8              MR. SHAW:  If the Court of Appeals takes the case --
 9     and, by the way, they've agreed in their papers to the Third
10     Circuit, I'm not sure if you saw the petition, but they've
11     agreed to try to expedite that, that appeal.
12              THE COURT:  But that's beyond --
13              MR. SHAW:  We don't know whether it would do that,
14     but that's our interest --
15              THE COURT:  But that's beyond my power and your
16     power.
17              MR. SHAW:  Correct.  I'm just referencing that our
18     interest is in expediency in moving the case along.  I think
19     that's what their interest is, to some extent, as well.  And
20     that's what we'd like to do.  If the Third Circuit takes it, we
21     think that there's things that can be done, either filing of
22     motions or some -- at least this kind of -- if there's going to
23     be discovery on personal jurisdiction --
24              THE COURT:  Well, if the Court of Appeals doesn't
25     take it, then the ball is back here.
```

```
1              MR. SHAW:  Right.

2              THE COURT:  And we move forward and we have to work

3    out a plan.

4              MR. SHAW:  Right.

5              THE COURT:  If the Court of Appeals takes it, what is

6    your position?  That I should wait for a period of time and

7    stay the matter, continue the stay until they decide it?

8              MR. SHAW:  Our position would be that if the Court --

9    our position would be that they should file the personal

10   jurisdiction motions and there should be discovery on that so

11   that we can take care of some of those issues.

12             THE COURT:  But shouldn't -- we're now at the point

13   where shouldn't all motions be filed, all pretrial motions,

14   instead of doing it piecemeal?

15             I think it was important to deal with the

16   constitutional issue because everybody, I assume, was

17   challenging the constitutionality, and that was one that could

18   be certified.  That was sort of at the heart of the case.  And

19   of course, the subject matter jurisdiction was important to

20   deal with immediately, too.

21             MR. SHAW:  I --

22             THE COURT:  I dealt with and you all dealt with those

23   two, but now we may have a series of pretrial motions.  And

24   under the rules, the normal process is that they're all filed

25   at the same time.
```

1           MR. SHAW:  Right.

2           THE COURT:  And I think for good reason, we deviated

3    from that practice here.  But I think now we're at the point

4    where everything's got to be filed if we go -- if I go forward.

5           MR. SHAW:  I agree with that, Your Honor.  That's my

6    position.

7           THE COURT:  But the question is whether I should

8    wait.  If the Court of Appeals takes it, in your view, should I

9    stay the matter until that's resolved or not?

10          MR. SHAW:  Our position is all of the motions should

11   be filed at the same time in any event.  You should set a

12   deadline whether they take it or not.

13          THE COURT:  And then we'll see what happens.  Maybe

14   some of the parties will consolidate or maybe we'll get 40

15   different briefs, 40 different motions, 40 different briefs,

16   and then once I take a look at those, then we may have to

17   confer as to whether we prioritize certain issues, certain

18   motions need discovery, which they might, the personal

19   jurisdiction, and others may not.  And so --

20          MR. SHAW:  Agree wholeheartedly.  The burden would be

21   on the Court and us.  Once those motions are filed, we'll see

22   what's in them and then figure out how to deal with that.

23          THE COURT:  And then once I take a look at them, we

24   sit down and determine what the time period should be for

25   response.  So that if I entered an order, it would just be one

34

1    order at this point for the filing of motions and briefs.  And

2    if the defendants want to confer and a number of them join

3    together, that's great, or if not.  But the ultimate issue is

4    whether I should just sit tight for a bit.  And your position

5    is we ought to go forward regardless of if the Court of Appeals

6    takes the case.

7                MR. SHAW:  Correct.

8                THE COURT:  And you have to sort of make some

9    judgment.  If you think the odds are the Court of Appeals is

10   going to affirm -- of course you don't know in what form

11   they're going to affirm -- then it would mean that we would

12   need to go forward.  We wouldn't be wasting time.

13               On the other hand, if the Court of Appeals reverses

14   and says the statute is unconstitutional, then we will have

15   been spinning a few wheels.  I mean, that's always a judgment

16   that has to be made.

17               MR. SHAW:  Right.  And most of those wheels are on

18   us.  So those are wheels that can turn.

19               THE COURT:  All right.  Now let me hear from

20   Mr. Stio.  And I'll hear from anyone else who wishes to speak,

21   too, on the subject, any other defense counsel.

22               Thank you.

23               MR. SHAW:  Thank you.

24               MR. STIO:  Your Honor, I just think that it is unfair

25   for defendants to have to incur costs until we at least see

```
 1   what happens on the petition.  And I do think that it will
 2   occur this month.
 3         Discovery is expensive.  And I don't think any of the
 4   defendants want to incur that cost before the Third Circuit
 5   weighs in and says the statute is constitutional.
 6         THE COURT:  Let's assume -- I mean, it's always
 7   difficult to use a crystal ball with what the Court of Appeals
 8   is going to do.  But if they affirm, that's not going to affect
 9   issues of personal jurisdictions or arbitration or change of
10   venue or any of these other issues, is it?
11         MR. STIO:  So it will not affect personal
12   jurisdiction.  It will not affect arbitration.  But no one is
13   going to file a motion to compel arbitration and then if it's
14   successful, go to arbitration, I don't think, while the Third
15   Circuit is still trying to rule on the constitutionality.
16         THE COURT:  All right.  Well, I don't -- all right.
17   There's something to what you say there, but at least we've
18   gotten the ball rolling.
19         MR. STIO:  Yes.
20         THE COURT:  So that we don't wait whatever period of
21   time it takes for the Court of Appeals to decide it.  So at
22   least we get the briefs filed that --
23         MR. STIO:  So --
24         THE COURT:  And maybe if there's a personal
25   jurisdiction, at least get a plan in place for the discovery.
```

1    But obviously I may not go the next step then and rule, but I

2    will at least have gotten the briefs and the motions and start

3    looking at them.

4              MR. STIO:  And you're talking --

5              THE COURT:  And of course, obviously if the Court of

6    Appeals says the statute is unconstitutional, you're right,

7    that time and effort is wasted.  But if the odds are that the

8    Court of Appeals is going to affirm, if we make that judgment,

9    then it would be worthwhile to go forward.  Because I don't

10   think -- I mean, if they affirm and then we get into an issue

11   about what the standard of proof is, well, that's not going to

12   be affected by any of these motions at this point.  That will

13   only be relevant when we come to trial, correct?

14             MR. STIO:  But one question.

15             THE COURT:  Yeah.

16             MR. STIO:  Are we only talking about personal

17   jurisdiction, venue and arbitration, or are we talking about

18   everything?

19             THE COURT:  Well, I'm thinking what we'd have to do,

20   it seems to me we can't continue to do this piecemeal.  I mean,

21   I think there was some benefit to doing the subject matter

22   jurisdiction issues and the facial challenge, because of course

23   subject matter jurisdiction is the first thing we have to deal

24   with, right, if I don't have subject matter jurisdiction.

25             But I did permit all the parties who were moving to

1   remand also to brief the constitutional issue in case there
2   wasn't going to be a remand without prejudice to their rights.
3   So that issue is off the table at the moment.
4           I mean, I know there's an effort to get the Court of
5   Appeals to review that and the constitutional issue, but now we
6   just can't keep doing these things piecemeal.  I mean, you have
7   seven or eight different issues that some of the parties may
8   raise.  We're not going to do those seriatim.  I mean, my word,
9   it would take years.
10          MR. STIO:  But let's start with the as-applied.  I
11  don't know how someone could do as-applied if under the
12  Constitution, under the standard, if that standard is under
13  review at the Third Circuit.  It doesn't make sense from the
14  defendants' standpoint.
15          As to plausibility, failure to state a claim, it is
16  going to be based on Your Honor's decision that the culpability
17  standard is one of negligence.
18          THE COURT:  Right.
19          MR. STIO:  That is under review from the Third
20  Circuit.  It's not efficient to do that.  And to now have
21  everyone --
22          THE COURT:  Well, how is that a 12(b)(6), the
23  standard of proof?
24          MR. STIO:  Because they don't -- Your Honor, if they
25  believe in the complaint that it is...

1          (Microphone interference.)

2          (Discussion was held off the record.)

3          THE COURT:  Go ahead.

4          MR. STIO:  Your Honor, they plead that there is no

5     culpability.  They say that it's strict liability in their

6     complaint.  And I think that that is going to be briefed on

7     plausibility.  And I don't know how we should go down that

8     path.

9          The other issue that I have is, we file these

10    motions, and they have all of the claims for each defendant.  I

11    understand the Court doesn't want to take them seriatim, but if

12    we are going to have a deadline to file the motion,

13    defendants -- or the plaintiffs need to have a deadline to

14    oppose it.

15         So what we don't want to do, right, because if we're

16    not going to have them in sequence, is we file a motion and the

17    Court just does lack of personal jurisdiction and then there

18    are different issues that sit there for eight months before

19    they're even opposed, then we can't have that either.

20         THE COURT:  No, I understand.

21         Well, it seems to me that, and I'm not sure we're

22    going to go down this path, but thinking it through, if you

23    filed your motions, then they would and I would be able to see

24    what the motions are all about, which ones might need

25    discovery.  For example, personal jurisdiction may need

1    discovery.

2                MR. STIO:  Right.

3                THE COURT:  And maybe there are three defendants that

4    raise personal jurisdiction or maybe it will be 23.  I don't

5    know at this point, and I don't think anybody knows.  So the

6    way I approach it may be different if there are three versus

7    23, the amount of time it would need for discovery, and then I

8    would look at the other motions which may not require any

9    discovery at all.  And for those I could certainly order the

10   plaintiffs to respond in a reasonable time, not eight months.

11   But I'd have to see them, and none of us knows really.

12                I mean, I commend you for trying to get everybody

13   together, Mr. Stio, and trying to find out what positions of

14   each defendant may be.  And some people haven't made up their

15   minds or people put off issues, we all know that.  But if there

16   are deadlines to do it, then they're going to have to make some

17   decisions, and then it may turn out that maybe everybody isn't

18   going to be filing motions on the Decency Act or

19   extraterritorial application.  They can say that now, but if

20   they have to sit down and spend a lot of money briefing it, and

21   if it doesn't make any sense, they may not do that, and

22   preemption, all of that has to --

23                (Microphone interference.)

24                THE COURT:  I mean, so that's what I would

25   contemplate.

```
 1              (Discussion was held off the record.)

 2              THE COURT:  So that seems to me that would be the

 3      step I would take now, is maybe set a deadline when all motions

 4      have to be filed raising any pretrial issue, which is

 5      permissible under the rules, and we'll see where we go with it,

 6      and then we'd have to have a -- if I go that route as opposed

 7      to staying the case.

 8              MR. STIO:  Your Honor, what I would offer for the

 9      Court's consideration --

10              THE COURT:  Go ahead.

11              MR. STIO:  -- is keeping the stay in place until the

12      end of the month to see what the Third Circuit does.  And

13      failing that, I would offer that we do the jurisdictional

14      motions, see how many there are, see how much discovery there

15      is, and defer on the 12(b)(6) with the understanding that while

16      that discovery is going on and the Court sees, the defendants

17      would seek to get a grasp on can there be a consolidated brief

18      or consolidated briefs on issues that pertain to the -- I will

19      say to a group of defendants.

20              So instead of getting 40 briefs, maybe we're able to

21      narrow it down to three or four.

22              THE COURT:  Well, it seems to me that if I set a

23      deadline, whatever it is, for the filing of motions, pretrial

24      motions, that would of course give the -- and I would give you

25      time to confer with all your codefendants, because there would
```

1    be a set deadline, and by that point -- I mean, you did a

2    masterful job in working with everybody on the briefs on the

3    constitutional issues, and you're going to have fewer of them

4    this time.

5              MR. STIO:  Yeah, yeah, it would be easier.

6              THE COURT:  To work together and we'll see what

7    happens.  That's all we could do.  I think it will never come

8    to a head unless I set a deadline.  That's the way life is.

9    And if that's done, then it seems to me everybody's going to

10   get together and confer and make a decision as to what's going

11   to happen in terms of the briefing.

12             MR. STIO:  Yeah.  I had a colleague at the office

13   send me a video of an Irish Sheepdog running out -- you know

14   how they run around in a circle to try to --

15             THE COURT:  Yeah.  Well, you've done a great job.

16             MR. STIO:  I've been trying, trying, Your Honor.

17             But for the Court, I mean, I understand the Court's

18   position, the defendants' position would be let's just see what

19   happens until the end of this month because I do think we'll

20   get a decision.  But I do understand --

21             THE COURT:  But of course, if the Court of Appeals

22   doesn't take it, that's easy.

23             MR. STIO:  Easy.

24             THE COURT:  We come back here.  Now, if the Court of

25   Appeals does take it --

1          MR. STIO:  We would want to brief --

2          THE COURT:  -- what am I supposed to do?

3          MR. STIO:  My thought, it divests you of

4    jurisdiction.

5          THE COURT:  You don't want me to take -- it what?

6          MR. STIO:  I have to look at 1292.  I thought if they

7    accept the appeal, I thought it divests the Court of

8    jurisdiction, but I'll look at the statute.

9          THE COURT:  No.  I think the statute says that the

10   district court can continue with the action.  I don't know the

11   exact words.  I have them here.

12         MR. STIO:  Yeah.

13         THE COURT:  But basically there's discretion -- I'll

14   use that word.  I don't think the statute uses that word -- to

15   continue with the action.  It's not stayed automatically,

16   although the Court of Appeals has a right to overrule my

17   decision if I decide to continue with the action.

18         MR. STIO:  Understood.

19         THE COURT:  So you would have an opportunity to, if I

20   do, to ask the Court of Appeals to impose a stay.

21         MR. STIO:  Understood.

22         And if there is any order entered, it would be

23   without waiver of us filing a -- the defendants filing a motion

24   to stay, if it's accepted.

25         THE COURT:  Well, it's not -- I have no control over

```
 1    that.

 2              MR. STIO:  No; with you.

 3              THE COURT:  Oh, with me?

 4              MR. STIO:  Yeah.  Or --

 5              THE COURT:  I guess you could ask me first.  I don't

 6    think the Court of Appeals says you have to ask me first.

 7              MR. STIO:  Correct.

 8              THE COURT:  Sometimes that has to happen.  You have

 9    to ask the district court first, but I don't think 1292 has any

10    provision like that.

11              MR. STIO:  Got it.  Understood, Your Honor.

12              THE COURT:  Well, let me hear from the other

13    defendants.  Yes.  Go ahead.

14              Good morning.

15              MS. PURCARO:  Thank you, Your Honor.  Good morning.

16    Kelly Purcaro from Greenspoon Marder.  I represent six of the

17    defendants in this action.

18              THE COURT:  Right.

19              MS. PURCARO:  I just wanted to touch briefly on a

20    point that was raised about the amended complaints.  And I

21    think as a matter of efficiency both for our clients and for

22    the Court, there is a new standard now based on Your Honor's

23    ruling.  So if the petition is not accepted or if the petition

24    is accepted and affirmed, then there's the requirement that a

25    negligence standard be present for these actions to continue.
```

```
1              There is no allegation in any of the complaints of
2     any negligence on behalf of the defendants.
3              THE COURT:  Right.
4              MS. PURCARO:  So rather than having to go back and
5     brief, I think the motion to dismiss for all of those who will
6     be filing will be a failure to allege negligence, I think it
7     would be appropriate and expedient to allow plaintiff some time
8     to investigate if there actually was negligence as to each of
9     the 40 or so defendants who remain and to file an amended
10    complaint alleging negligence if there is some.
11             And that's something that if the decision is to
12    affirm or the petition is not accepted, we'll be at the
13    forefront of all of the motions.  And so rather than having to
14    file all of the motions saying failure to allege negligence,
15    which they could not have because it wasn't a requirement
16    prior, I think it would be appropriate to at least have that
17    investigation done and the amended complaint filed.
18             THE COURT:  Or it was a requirement before, but they
19    didn't recognize it.
20             MS. PURCARO:  Or it was and it wasn't recognized.
21    Either way, it's something that's certainly going to come up,
22    and it's going to come up with every defendant in the case.
23             THE COURT:  Okay.
24             MS. PURCARO:  So as a result of that consolidated
25    briefing and decision, there's a consolidated issue --
```

1          THE COURT:  I understand.

2          MS. PURCARO:  -- that I think can be dealt with a

3    little bit more expediently if it's handled by way of amendment

4    for that purpose alone.

5          THE COURT:  All right.  Let me hear from Mr. Shaw.

6          MS. PURCARO:  Thank you.

7          THE COURT:  Thank you.

8          Mr. Shaw, what about that?

9          MR. SHAW:  Going back to -- this is Adam Shaw for the

10   plaintiffs.  Going back to the issues that you raised with

11   Mr. Stio, I think choosing a deadline of all the briefs that

12   they have to file makes the most sense.  It's the most

13   practical.  It's the best coordination, gives everybody the

14   best information.

15         THE COURT:  Well --

16         MR. SHAW:  And it balances every party's needs.  And

17   I would set that --

18         THE COURT:  What about the negligence standard?  Do

19   you have to allege -- in other words, a negligence standard is

20   now the standard under Daniel's Law.

21         MR. SHAW:  Right.

22         THE COURT:  Unless somebody tells me to the contrary.

23         You didn't allege negligence.  So, I mean, I don't

24   think -- at least they say you haven't.  I haven't studied the

25   complaint on that score.

```
 1          MR. SHAW:  I think it's persnickety.  I think even if
 2   that's the standard, we've alleged facts.  I mean, what would
 3   we -- you know, what would really be the practical outcome of
 4   taking this path?  That we would add a line that says "and
 5   they're negligent" in the complaint?  I mean, I think it's just
 6   impractical.
 7          I also think that even if we went down this route, if
 8   in fact that comes to pass, you have to -- in order to get
 9   there, you have to get to the Third Circuit.  The Third Circuit
10   has to rule in a particular way.  Then you have to evaluate the
11   complaint and see that it's not in there, at which time we
12   could make the allegation.
13          In addition, Your Honor knows, you're a trial lawyer,
14   I mean you could conform the --
15          THE COURT:  Right.
16          MR. SHAW:  -- you could conform the pleadings to the
17   evidence in the case.
18          THE COURT:  Right; that's true.
19          MR. SHAW:  I really think that this is -- you know,
20   it's something that's impractical and also dealing with
21   evidence that it's not preventing them from making a -- dealing
22   with this case.  You know, the pleadings are to put them on
23   notice of what the claims are.  The facts are in there.  I
24   think we can move forward without having to do that.
25          THE COURT:  Right.  As you say, the Court can allow
```

1    an amendment at any time.

2              MR. SHAW:  Right.

3              THE COURT:  And there's no deadline to --

4              MR. SHAW:  Right.  And it seems hypertechnical

5    because they know exactly what the actions are in this case.

6              In fact, if in fact it turns out that they have some

7    basis to say that they were not negligent, then they'll bring

8    that up in proof.  But that's not a 12(b)(6) type of -- it's

9    really not a 12(b)(6) type of issue to be concerned about, I

10   don't think.

11             THE COURT:  Right.

12             Anyone else wish to be heard about this?  Everybody

13   else is silent on the subject?

14             MS. PURCARO:  Thank you, Your Honor.

15             THE COURT:  You're welcome.

16             MS. PURCARO:  Just to clarify, when we first came

17   before Your Honor, we had requested and Your Honor granted an

18   order requiring the plaintiffs to provide a list of all those

19   folks that supposedly made the request for their information to

20   be taken down.  And the reason that request was made is because

21   many clients, including a number of mine, never received any

22   requests, and they were just notified by the complaint that

23   they were in this case.

24             So I don't think it's a technical matter of just

25   having to add one sentence.  And I think adding one sentence

1  alleging negligence would be irresponsible in this case when a

2  number of these defendants are not data brokers.  A number of

3  these defendants do not publish information on the Internet at

4  all, and a number of these defendants did not receive notice

5  ever.

6          So to just blanket allege negligence with no

7  information and belief to support same I think would be

8  irresponsible.  And to put defendants through the course of

9  going to litigation and discovery to come back and say there

10  was never a good faith basis to assume that there was

11  negligence whatsoever and we just added a sentence to the

12  complaint is wholly unacceptable.

13          THE COURT:  But if your client did not receive

14  notice, the statute requires notice, correct?  The Daniel's

15  Law, you have to be notified.

16          MS. PURCARO:  Right.  And the complaint --

17          THE COURT:  And so wouldn't you then just have a

18  right to file a motion for summary judgment?

19          MS. PURCARO:  Right.  So many clients that I have are

20  less than a dozen employees and way less than a million dollars

21  a year.

22          THE COURT:  Right.

23          MS. PURCARO:  And to go through the litigation

24  process is unaffordable.  And to be in a litigation that they

25  should not be in in the first place, let alone have a complaint

1    that makes the allegations required, is not how the process is

2    supposed to work.

3            THE COURT:  But I understand.

4            MS. PURCARO:  And the allegations in the complaint do

5    not say that there was receipt of the notice.  The allegations

6    in every complaint say we sent this notice.

7            THE COURT:  But wouldn't you have a right to file a

8    motion for summary judgment which says the statute requires

9    notice, you didn't receive notice?  There's an affidavit or

10   declaration from the principals of your company saying we never

11   got notice.  If you didn't get notice, you're off the hook,

12   aren't you?

13           MS. PURCARO:  Right.  But summary judgment comes

14   following full discovery of the case.

15           THE COURT:  Not necessarily.  Not necessarily.

16           MS. PURCARO:  And if the pleading standard isn't met

17   and there's no allegation that there was negligence --

18           THE COURT:  Well, okay.

19           MS. PURCARO:  -- no investigation into it from the

20   door, I think that's something that the plaintiffs should be

21   required to look at before moving forward with the case and

22   just simply adding a sentence with no investigation whatsoever.

23           THE COURT:  Well, we don't want to get off into the

24   merits, but have you talked to opposing counsel about this?

25           MS. PURCARO:  Yes.

1          THE COURT:  Well, maybe they will agree with you, so

2  you won't have to come to these conferences anymore.

3          MS. PURCARO:  That would be fantastic.

4          THE COURT:  All right.  Thank you.

5          MS. PURCARO:  Thank you, Your Honor.

6          THE COURT:  Mr. Stio.

7          MR. STIO:  One other issue.

8          THE COURT:  Go ahead.

9          MR. STIO:  And, again, I still want the stay, but if

10  we're going to file motions, and I don't want to waive this, I

11  would request that the Court set a deadline for the plaintiffs

12  to file a motion, because they have used anonymous pleading for

13  two of the plaintiffs, and they need to satisfy the standard as

14  to anonymity to proceed with two Named Plaintiffs under --

15          THE COURT:  No.  Well, all the complaints have

16  Richard Roes or Richard --

17          MR. STIO:  No, Your Honor.

18          THE COURT:  What are you --

19          MR. STIO:  The complaints, at least my clients do

20  have the fictitious party.

21          THE COURT:  Right.

22          MR. STIO:  But they have identified at least two

23  Named Plaintiffs who they want to proceed under like a John and

24  Jane Doe.  And they haven't satisfied --

25          THE COURT:  You mean in two of the 40 cases?

1          MR. STIO:  Two -- no.  Two of the Named Plaintiffs in

2     the cases.  There are two officers.

3          THE COURT:  I understand, and their name, right?

4          MR. STIO:  They're not named.  They're named --

5     they're anonymous.  So they need to file a motion.

6          THE COURT:  Is this in every case or just your --

7          MR. STIO:  I can't say it's in every -- I know it's

8     in every one of my cases.  I don't know about the other

9     defendants.  But there are --

10         THE COURT:  All right.

11         MR. STIO:  And what I would ask is they would need to

12    satisfy the Third Circuit standard to allow them to sue

13    anonymous in their own name.

14         THE COURT:  Mr. Shaw.

15         MR. SHAW:  Mr. Parikh is going to address this.

16         THE COURT:  My understanding in most of the cases,

17    there were four or five Named Plaintiffs and then there were

18    ten anonymous plaintiffs.

19         MR. STIO:  No.  There's two --

20         THE COURT:  In addition to Atlas.  What?

21         MR. STIO:  There's a difference between proceeding

22    under anonymity and then fictitious parties.  They do have

23    fictitious parties.  I'm not talking about those.  I'm talking

24    about two plaintiffs they have allegations in the complaint

25    about that they do not identify.

```
 1              THE COURT:  All right.

 2              MR. PARIKH:  Good morning.

 3              THE COURT:  Good morning.

 4              MR. PARIKH:  Happy New Year.

 5              THE COURT:  State your name for the record.

 6              MR. PARIKH:  Yes, Your Honor.  Raj Parikh on behalf

 7   of the plaintiffs.

 8              THE COURT:  Thank you.

 9              MR. PARIKH:  So, Judge, yes, Atlas is a plaintiff in

10   every one of these cases.

11              THE COURT:  Right.

12              MR. PARIKH:  And in addition to Atlas, there is a

13   group of individual plaintiffs, most of whom are named.

14              THE COURT:  Yes.

15              MR. PARIKH:  But there are two particular law

16   enforcement officers who had significant threats to their

17   health and safety who are named as Jane Does, Jane Doe-1 and

18   Jane Doe-2 in most of the complaints, not necessarily all of

19   the ones that Mr. Stio is referring to.

20              There's allegations specifically about, you know,

21   what the issue was with them.  One, for example, in the

22   complaint it talks about how there was pictures, she was

23   undercover in a gang task force and there's pictures of her and

24   her young child in the bedroom of their home in the possession

25   of the gang when the task force arrested them.  So obviously
```

1    for our purposes here and seeking to have her information

2    removed from the websites and the other sources that the

3    defendants hold, we maintain her as a Jane Doe plaintiff in

4    these cases.

5              The defendants know or have information with respect

6    to every single one of the assignors and every single one of

7    the individual plaintiffs.

8              THE COURT:  Including those individuals who are --

9              MR. PARIKH:  Correct, Your Honor.

10             THE COURT:  -- worried about their safety?

11             MR. PARIKH:  Correct.  And that's -- and it's not

12   just those two Jane Doe individual plaintiffs that are worried

13   about their safety, it's thousands of others.

14             THE COURT:  Oh, I understand.

15             MR. PARIKH:  All that information is provided in the

16   covered persons lists that were provided to the defendants

17   months ago.

18             THE COURT:  So you're saying Mr. Stio and the

19   defendants have their names?

20             MR. PARIKH:  They do, Your Honor.  And if they need

21   us to more specifically identify those names, we're happy to do

22   it pursuant to a protective order or whatever it may be to

23   maintain their protection.

24             THE COURT:  Well, why don't you try to work that out.

25             MR. PARIKH:  Happy to.  Happy to, Judge.

1          Judge, last thing, also with respect to the idea of,

2   you know, delivery issues and things like that, there are some

3   defendants that have advised us that their clients never

4   received the emails from the covered persons.

5          THE COURT:  Right.

6          MR. PARIKH:  And what we have found through talking

7   to those lawyers is that in some cases it went to a spam folder

8   that was never checked.  In other cases it went to the email,

9   you know, the email was auto forwarded, or somebody within the

10  company actually pulled the email in-box down, and so we're

11  happy to talk to any lawyer about those issues.

12         THE COURT:  Right.

13         MR. PARIKH:  Every lawyer that's approached us, we've

14  gone through that process.  We do have delivery confirmations.

15         THE COURT:  Right.

16         MR. PARIKH:  And so an amendment for that reason

17  alone doesn't seem to make sense in advance of the filing of a

18  12(b)(6) motion where we can really understand what pleading

19  deficiencies the defendants believe we have.

20         THE COURT:  All right.  Is there anything else

21  anybody wishes to say on the subject?

22         (No response.)

23         THE COURT:  All right.  Let me take this under

24  advisement and decide what to do, and we'll let you know.

25         MR. STIO:  Thank you, Your Honor.

```
 1              THE COURT:  I think that's all I can do at this
 2    point.  And if I did anything, it would simply be an order with
 3    the deadlines some distance out, reasonable, for any motions
 4    and briefs.  And then once they're received, if I go down that
 5    route, then we'd have another status conference to decide what
 6    needs to be done with respect to briefing by the plaintiffs or
 7    discovery with respect to certain ones.
 8              Yes.
 9              MR. SHAW:  Your Honor, sorry to belabor it, but if we
10    could just recommend that that date that you choose be soon,
11    and we would recommend it be during the first week of February.
12              THE COURT:  Oh, you mean they would file all their
13    briefs and motions and --
14              MR. SHAW:  Yes, Your Honor.
15              THE COURT:  -- the first week of February?
16              MR. SHAW:  I mean, they've been -- they've had these
17    motions, if I can come up to the --
18              THE COURT:  Yeah, sure.
19              MR. SHAW:  Adam Shaw for the plaintiffs.
20              Again, they've had these motions and been thinking
21    about these issues since last May at least.  The last month
22    you've asked them to organize themselves to figure out what
23    they are.  To ask them in another 21 days to file those motions
24    I don't think is unreasonable at all.
25              I mean --
```

```
 1              THE COURT:  All right.
 2              MR. SHAW:  So that's my request.
 3              MR. STIO:  Your Honor, I'll just say, I object to
 4    that time frame, and I'll leave it to your discretion.
 5              THE COURT:  Come forward.  Good morning.
 6              MR. SZYBA:  Good morning, Your Honor.  Just to --
 7              THE COURT:  Give us your name for the record.
 8              MR. SZYBA:  Sure.  Rob Szyba of Seyfarth Shaw for We
 9    Inform, Infomatics and People Searchers.
10              Just as to that last comment, just food for thought,
11    the amount of time frame given for the defendants to file the
12    motions is going to correlate to the amount of coordination
13    that's possible.
14              In three weeks means probably very little
15    coordination.  The longer the time, the more that will allow
16    for the defendants to coordinate any type of motions that could
17    be either consolidated, briefed together, et cetera.
18              There's 40 law firms.  Getting them to do something
19    in three weeks is --
20              THE COURT:  Right.
21              MR. SZYBA:  -- slim to none chance.  So just food for
22    thought.
23              THE COURT:  All right.  Thank you very much.
24              Anything further we need to do today?
25              (No response.)
```

1          THE COURT:  Thank you very much.

2          MR. PARIKH:  Thank you, Your Honor.

3          THE COURTROOM DEPUTY:  All rise.

4          (Proceedings concluded at 10:52 a.m.)

5       _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

        **FEDERAL OFFICIAL COURT REPORTER'S CERTIFICATE**

6       _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

7       I certify that the foregoing is a correct transcript

8    from the record of proceedings in the above-entitled matter.

9

10

11   /S/John J. Kurz, RDR-RMR-CRR-CRC          February 11, 2025

12   Court Reporter/Transcriber

13

14

15

16

17

18

19

20

21

22

23

24

25

**MR. PARIKH: [16]**
16/9 52/2 52/4 52/6 52/9
52/12 52/15 53/9 53/11
53/15 53/20 53/25 54/6
54/13 54/16 57/2
**MR. SHAW: [40]** 16/6
24/24 25/1 25/4 25/7
26/13 28/12 28/17 29/16
29/21 30/5 31/1 31/8
31/13 31/17 32/1 32/4
32/8 32/21 33/1 33/5
33/10 33/20 34/7 34/17
34/23 45/9 45/16 45/21
46/1 46/16 46/19 47/2
47/4 51/15 55/9 55/14
55/15 55/19 56/2
**MR. STIO: [84]**
**MR. SZYBA: [3]** 56/6
56/8 56/21
**MS. PURCARO: [19]**
43/15 43/19 44/4 44/20
44/24 45/2 45/6 47/14
47/16 48/16 48/19 48/23
49/4 49/13 49/16 49/19
49/25 50/3 50/5
**THE COURT: [163]**
**THE COURTROOM**
**DEPUTY: [2]** 16/4 57/3

/

**/S/John [1]** 57/11

**0**

**07016 [1]** 13/16
**07052 [1]** 11/6
**07068 [1]** 14/9
**07101 [1]** 14/15
**07102 [3]** 11/21 12/9
13/22
**07601 [1]** 13/19
**07728 [1]** 13/6
**07962 [1]** 13/3
**08101 [1]** 1/18
**08543 [1]** 11/10

**1**

**10 [1]** 29/16
**100 [2]** 13/6 14/12
**10005 [1]** 14/12
**10018 [1]** 11/14
**10019 [1]** 12/18
**10036 [1]** 13/13
**10075 [1]** 12/6
**101 [1]** 11/6
**1037 [1]** 11/20
**10601 [1]** 13/9
**108 [1]** 13/16
**10:52 a.m [1]** 57/4
**11 [1]** 57/11
**1100 [1]** 12/3
**12 [9]** 17/8 17/10 24/5
27/1 37/22 40/15 47/8
47/9 54/18
**12207 [1]** 11/3
**124 [1]** 14/15
**1292 [4]** 16/13 18/12 42/6

43/9
**12th [1]** 11/3
**13 [2]** 22/17 29/14
**130 [1]** 11/24
**14 [3]** 1/18 22/17 29/14
**1515 [1]** 14/3
**15206 [1]** 11/18
**16th [1]** 12/12
**17 [1]** 15/4
**1717 [1]** 14/6
**1735 [1]** 12/21
**18th [1]** 11/24
**1900 [1]** 12/24
**19102 [2]** 12/12 14/3
**19103 [3]** 11/24 12/21
14/6
**1:24-cv-04037-HB [1]**
1/4
**1:24-cv-04041-HB [1]**
1/8
**1:24-cv-04045-HB [1]**
1/13
**1:24-cv-04075-HB [1]**
2/2
**1:24-cv-04080-HB [1]**
2/6
**1:24-cv-04095-HB [1]**
2/11
**1:24-cv-04096-HB [1]**
2/15
**1:24-cv-04098-HB [1]**
2/20
**1:24-cv-04103-HB [1]**
3/2
**1:24-cv-04141-HB [1]**
3/6
**1:24-cv-04143-HB [1]**
3/11
**1:24-cv-04160-HB [1]**
3/15
**1:24-cv-04168-HB [1]**
3/20
**1:24-cv-04174-HB [1]**
4/2
**1:24-cv-04175-HB [1]**
4/6
**1:24-cv-04176-HB [1]**
4/11
**1:24-cv-04178-HB [1]**
4/15
**1:24-cv-04233-HB [1]**
4/20
**1:24-cv-04256-HB [1]**
5/2
**1:24-cv-04261-HB [1]**
5/6
**1:24-cv-04269-HB [1]**
5/11
**1:24-cv-04288-HB [1]**
5/15
**1:24-cv-04292-HB [1]**
5/20
**1:24-cv-04298-HB [1]**
6/2
**1:24-cv-04324-HB [1]**
6/6
**1:24-cv-04345-HB [1]**

6/11
**1:24-cv-04380-HB [1]**
6/16
**1:24-cv-04383-HB [1]**
6/20
**1:24-cv-04385-HB [1]**
7/2
**1:24-cv-04389-HB [1]**
7/6
**1:24-cv-04390-HB [1]**
7/11
**1:24-cv-04392-HB [1]**
7/16
**1:24-cv-04434-HB [1]**
7/20
**1:24-cv-04609-HB [1]**
8/2
**1:24-cv-04664-HB [1]**
8/6
**1:24-cv-04696-HB [1]**
8/11
**1:24-cv-04850-HB [1]**
8/15
**1:24-cv-04949-HB [1]**
8/20
**1:24-cv-05600-HB [1]**
9/2
**1:24-cv-05656-HB [1]**
9/6
**1:24-cv-05658-HB [1]**
9/10
**1:24-cv-05775-HB [1]**
9/14
**1:24-cv-06160-HB [1]**
9/18
**1:24-cv-07324-HB [1]**
9/23
**1:24-cv-08075-HB [1]**
10/2
**1:24-cv-08451-HB [1]**
10/6
**1:24-cv-10600-HB [1]**
10/11
**1:24-cv-11023-HB [1]**
10/16
**1:24-cv-11443-HB [1]**
10/20

**2**

**20 [1]** 19/8
**200 [1]** 13/9
**20036 [1]** 12/24
**201 [1]** 14/12
**2025 [2]** 1/18 57/11
**2029 [1]** 12/3
**2050 [1]** 14/3
**21 [1]** 55/23
**21117 [1]** 12/6
**23 [2]** 39/4 39/7
**23rd [1]** 19/17
**25 [2]** 13/19 15/5
**250 [1]** 12/24
**28 U.S.C [1]** 16/13

**3**

**30 [2]** 11/3 19/8
**301 [1]** 11/9

**31 [1]** 24/2
**32 [1]** 24/3
**3200 [1]** 12/12
**32nd [1]** 11/14
**34 [1]** 15/4
**37 [2]** 22/21 23/25

**4**

**40 [9]** 22/20 29/3 33/14
33/15 33/15 40/20 44/9
50/25 56/18
**400 [2]** 11/9 12/15
**401 [1]** 12/6
**43 [1]** 15/6
**45 [1]** 15/5
**47 [1]** 15/6
**4th [1]** 1/17

**5**

**50 [2]** 12/12 15/4
**500 [2]** 12/15 13/19
**51st [1]** 12/21
**52 [1]** 15/7
**5262 [1]** 11/17
**55 [1]** 15/5
**56 [1]** 15/8
**576-7094 [1]** 1/23
**5th [1]** 14/15

**6**

**610 [1]** 14/6
**620 [1]** 11/14
**6360 [1]** 11/17
**677 [1]** 12/15

**7**

**70 [1]** 25/20
**7094 [1]** 1/23
**787 [1]** 12/18

**8**

**800 [1]** 13/22
**856 [1]** 1/23

**9**

**900 [1]** 11/20
**90067 [1]** 12/3
**9:55 [1]** 1/19
**9:55 a.m. as [1]** 16/3

**A**

**a.m [2]** 1/19 57/4
**a.m. [1]** 16/3
**able [3]** 30/17 38/23
40/20
**above [1]** 57/8
**above-entitled [1]** 57/8
**absent [1]** 18/4
**Absolutely [1]** 19/17
**accept [2]** 20/21 42/7
**accepted [4]** 42/24 43/23
43/24 44/12
**accepts [1]** 21/1
**Access [1]** 12/4
**Accudata [1]** 13/10
**ACCURATE [1]** 4/17
**ACCUZIP [2]** 6/22 14/10

**Act [5]** 17/16 17/17 17/24
24/6 39/18
**action [54]** 1/3 1/7 1/12
2/1 2/5 2/10 2/14 2/19 3/1
3/5 3/10 3/14 3/19 4/1 4/5
4/10 4/14 4/19 5/5 5/10
5/10 5/14 5/19 6/1 6/5
6/10 6/15 6/19 7/1 7/5
7/10 7/15 7/19 8/1 8/5
8/10 8/14 8/19 9/1 9/5 9/9
9/13 9/17 9/22 10/1 10/5
10/10 10/15 10/19 18/15
42/10 42/15 42/17 43/17
**actions [2]** 43/25 47/5
**activity [1]** 18/15
**actually [2]** 44/8 54/10
**Acxiom [1]** 11/10
**ADAM [4]** 11/2 25/1
45/9 55/19
**add [3]** 26/14 46/4 47/25
**added [1]** 48/11
**adding [2]** 47/25 49/22
**addition [3]** 46/13 51/20
52/12
**additional [1]** 16/17
**Additionally [1]** 20/23
**address [1]** 51/15
**adds [1]** 26/18
**adequately [1]** 21/21
**advance [1]** 54/17
**adversary [1]** 20/1
**advised [1]** 54/3
**advisement [1]** 54/24
**affect [4]** 21/13 35/8
35/11 35/12
**affected [1]** 36/12
**affidavit [1]** 49/9
**affirm [6]** 34/10 34/11
35/8 36/8 36/10 44/12
**affirmed [1]** 43/24
**again [3]** 23/25 50/9
55/20
**ago [3]** 30/16 30/16 53/17
**agree [4]** 29/21 33/5
33/20 50/1
**agreed [2]** 31/9 31/11
**agreements [1]** 23/6
**ahead [6]** 18/7 19/24 38/3
40/10 43/13 50/8
**AHKAO [1]** 13/21
**aided [1]** 1/24
**al [91]**
**Albany [1]** 11/3
**ALESCO [2]** 9/8 11/21
**all [57]** 16/4 17/25 18/1
18/4 20/5 20/10 22/8 22/9
22/11 22/12 22/13 23/18
24/4 24/20 26/24 28/4
28/9 29/3 29/22 32/13
32/13 32/22 32/24 33/10
34/19 35/16 35/16 36/25
38/10 38/24 39/9 39/15
39/22 40/3 40/25 41/7
44/5 44/13 44/14 45/5
45/11 47/18 48/4 50/4
50/15 51/10 52/1 52/18
53/15 54/20 54/23 55/1

**A**

**all... [5]** 55/12 55/24 56/1 56/23 57/3
**allegation [3]** 44/1 46/12 49/17
**allegations [5]** 49/1 49/4 49/5 51/24 52/20
**allege [5]** 44/6 44/14 45/19 45/23 48/6
**alleged [2]** 21/21 46/2
**alleging [2]** 44/10 48/1
**ALLIANCE [2]** 2/21 14/7
**allow [4]** 44/7 46/25 51/12 56/15
**allowed [1]** 22/1
**allows [1]** 30/19
**almost [1]** 30/16
**alone [3]** 45/4 48/25 54/17
**along [1]** 31/18
**already [1]** 29/16
**also [9]** 14/17 17/2 29/24 30/6 30/19 37/1 46/7 46/20 54/1
**alternate [1]** 23/10
**although [1]** 42/16
**Alumnifinder [1]** 13/10
**always [2]** 34/15 35/6
**am [2]** 19/7 42/2
**amend [2]** 20/9 21/10 21/22 27/17 27/21 27/23
**amended [7]** 20/4 20/9 20/13 21/13 43/20 44/9 44/17
**amendment [4]** 27/15 45/3 47/1 54/16
**AMERICA [2]** 6/8 12/4
**AMERILIST [2]** 9/16 11/21
**amount [4]** 29/11 39/7 56/11 56/12
**ANDREW [1]** 13/5
**Angeles [1]** 12/3
**ANGELO [1]** 11/8
**ANN [1]** 12/11
**anonymity [2]** 50/14 51/22
**anonymous [4]** 50/12 51/5 51/13 51/18
**another [4]** 24/10 25/8 55/5 55/23
**answers [1]** 24/1
**any [20]** 23/2 23/12 27/19 33/11 34/21 35/3 35/10 36/12 39/8 39/21 40/4 42/22 43/9 44/1 44/2 47/1 47/21 54/11 55/3 56/16
**anybody [2]** 39/5 54/21
**anymore [1]** 50/2
**anyone [2]** 34/20 47/12
**anything [3]** 54/20 55/2 56/24
**appeal [9]** 16/14 18/9 19/16 20/7 20/21 21/1 25/12 31/11 42/7

**Appeals [22]** 16/12 18/16 18/18 18/23 31/6 31/8 31/24 32/5 33/8 34/5 34/9 34/13 35/7 35/21 36/6 36/8 37/5 41/21 41/25 42/16 42/20 43/6
**APPEND [1]** 4/17
**application [3]** 17/21 24/12 39/19
**applied [5]** 17/14 20/18 21/3 37/10 37/11
**appreciate [1]** 25/11
**approach [1]** 39/6
**approached [1]** 54/13
**appropriate [2]** 44/7 44/16
**approximately [1]** 23/24
**arbitration [11]** 17/7 23/4 23/5 23/10 26/7 27/10 35/9 35/12 35/13 35/14 36/17
**Arch [1]** 14/6
**are [56]** 17/4 17/12 17/23 19/20 20/16 20/24 21/7 22/11 22/13 22/17 22/22 23/5 23/8 23/18 23/19 23/24 24/1 26/3 26/6 26/10 26/16 27/22 28/24 29/10 30/4 31/5 33/21 34/9 34/17 34/18 36/7 36/16 36/17 38/12 38/18 38/24 39/3 39/6 39/16 40/14 46/22 46/23 46/23 47/5 48/2 48/19 50/18 51/2 51/9 52/13 52/15 52/17 53/8 53/12 54/2 55/23
**aren't [1]** 49/12
**arguing [1]** 23/14
**ARGUMENT [1]** 15/2
**arguments [2]** 27/15 27/22
**around [2]** 26/23 41/14
**arrested [1]** 52/25
**articulate [1]** 21/14
**as-applied [4]** 17/14 20/18 37/10 37/11
**ask [8]** 18/23 21/11 42/20 43/5 43/6 43/9 51/11 55/23
**asked [3]** 16/15 26/2 55/22
**ASL [1]** 13/10
**aspects [1]** 27/13
**assignors [1]** 53/6
**assume [7]** 16/22 17/19 22/4 22/8 32/16 35/6 48/10
**assuming [1]** 19/18
**AtData [1]** 11/11
**ATLAS [52]** 1/3 1/7 1/12 2/1 2/5 2/10 2/14 2/19 3/1 3/5 3/10 3/14 3/19 4/1 4/5 4/10 4/14 4/19 5/1 5/5 5/10 5/14 5/19 6/1 6/5 6/10 6/15 6/19 7/1 7/5 7/10 7/15 7/19 8/1 8/5

8/10 8/14 8/19 9/1 9/5 9/9 9/13 9/17 9/22 10/1 10/5 10/10 10/15 10/19 51/20 52/9 52/12
**ATTORNEY [3]** 14/14 14/14 14/16
**ATTORNEYS [1]** 15/3
**AUSTIN [1]** 12/17
**authority [1]** 18/20
**auto [1]** 54/9
**automatically [2]** 30/12 42/15
**Avenue [5]** 11/14 12/18 13/3 13/9 13/16
**avoid [1]** 21/6
**awful [1]** 19/21

**B**

**back [7]** 16/10 31/25 41/24 44/4 45/9 45/10 48/9
**balances [1]** 45/16
**ball [3]** 31/25 35/7 35/18
**BALLARD [1]** 12/20
**BARTLE [2]** 1/20 16/2
**based [2]** 37/16 43/22
**bases [1]** 21/7
**basically [1]** 42/13
**basis [3]** 27/25 47/7 48/10
**because [19]** 19/4 19/20 20/5 21/25 25/15 26/23 28/6 28/23 32/16 36/9 36/22 37/24 38/15 40/25 41/19 44/15 47/5 47/20 50/12
**becomes [1]** 19/18
**bedroom [1]** 52/24
**been [11]** 22/23 25/10 25/15 25/16 25/17 28/20 30/15 34/15 41/16 55/16 55/20
**before [9]** 16/1 20/19 21/2 27/21 35/4 38/18 44/18 47/17 49/21
**beginning [1]** 30/11
**behalf [2]** 44/2 52/6
**being [4]** 20/19 25/16 26/3 30/4
**belabor [1]** 55/9
**belief [1]** 48/7
**believe [6]** 17/15 21/19 21/20 24/18 37/25 54/19
**BELLES [2]** 8/21 11/25
**benefit [1]** 36/21
**BERMAN [1]** 13/8
**BERRY [1]** 12/20
**best [2]** 45/13 45/14
**between [2]** 23/6 51/21
**beyond [2]** 31/12 31/15
**BIANCA [1]** 14/5
**binding [1]** 23/11
**birth [1]** 30/9
**BISGAARD [1]** 13/12
**bit [7]** 26/15 30/1 30/9 30/19 30/24 34/4 45/3
**BLACK [1]** 4/21

**BLAKE [1]** 13/5
**BLANK [1]** 11/23
**blanket [1]** 48/6
**Blvd [1]** 11/20
**BOIES [1]** 11/2
**Boland [1]** 11/6
**both [2]** 16/22 43/21
**Boulevard [1]** 12/6
**Bound [1]** 13/10
**box [2]** 12/15 54/10
**brief [7]** 20/25 21/2 30/25 37/1 40/17 42/1 44/5
**briefed [2]** 38/6 56/17
**briefing [8]** 19/4 19/20 20/13 20/24 39/20 44/11 44/25 55/6
**briefly [2]** 23/22 43/19
**briefs [13]** 29/4 29/10 33/15 33/15 34/1 35/22 36/2 40/18 40/20 41/2 45/11 55/4 55/13
**bring [2]** 17/15 47/7
**BRISBOIS [1]** 13/21
**Broad [1]** 11/17
**brokers [1]** 48/2
**BROOKS [1]** 12/2
**BROOME [1]** 13/5
**BUCHANAN [1]** 12/11
**buckets [1]** 17/5
**Building [1]** 1/17
**burden [1]** 33/20
**business [1]** 22/9

**C**

**California [1]** 12/3
**call [1]** 24/6
**Camden [1]** 1/18
**came [3]** 22/24 25/19 47/16
**CAMP [2]** 8/21 11/25
**Campus [1]** 12/15
**can [20]** 17/15 19/20 20/5 20/25 21/22 22/16 28/2 29/25 31/21 32/11 34/18 39/19 40/17 42/10 45/2 46/24 46/25 54/18 55/1 55/17
**can't [6]** 20/18 31/2 36/20 37/6 38/19 51/7
**Captions [8]** 1/25 2/24 3/24 4/24 5/25 6/25 7/25 8/25
**CARCO [1]** 11/10
**care [1]** 32/11
**Carnegie [1]** 11/9
**case [21]** 25/18 25/21 26/20 30/7 30/20 31/6 31/8 31/18 32/18 34/6 37/1 40/7 44/22 46/17 46/22 47/5 47/23 48/1 49/14 49/21 51/6
**cases [9]** 25/20 50/25 51/2 51/8 51/16 52/10 53/4 54/7 54/8
**Center [2]** 11/9 12/9
**Century [1]** 12/3

**certain [7]** 23/18 27/4 27/13 29/11 33/17 33/17 55/7
**certainly [2]** 39/9 44/21
**CERTIFICATE [1]** 57/5
**certified [2]** 16/12 32/18
**certify [1]** 57/7
**cetera [1]** 56/17
**challenge [3]** 20/18 26/18 36/22
**challenging [1]** 32/17
**chance [2]** 16/22 56/21
**change [4]** 17/8 23/23 27/11 35/9
**chart [3]** 26/4 26/8 26/17
**checked [1]** 54/8
**child [1]** 52/24
**choose [1]** 55/10
**choosing [1]** 45/11
**CIALINO [1]** 11/23
**circle [1]** 41/14
**Circuit [18]** 19/9 20/12 20/16 20/19 21/1 21/2 30/9 30/19 31/10 31/20 35/4 35/15 37/13 37/20 40/12 46/9 46/9 55/1
**CIVIL [50]** 1/3 1/7 1/12 2/1 2/5 2/10 2/14 2/19 3/1 3/5 3/10 3/12 3/14 3/19 4/1 4/5 4/10 4/14 4/19 5/1 5/5 5/10 5/14 5/19 6/1 6/5 6/10 6/15 6/19 7/1 7/5 7/10 7/15 7/19 8/1 8/5 8/10 8/14 8/19 9/1 9/5 9/9 9/13 9/17 9/22 10/1 10/5 10/10 10/15 10/19
**claim [2]** 20/23 37/15
**claims [2]** 38/10 46/23
**clarify [1]** 47/16
**CLARITAS [1]** 4/8
**CLARK [1]** 14/2
**clause [1]** 23/10
**clear [1]** 27/23
**Clearly [1]** 25/19
**Clerk [1]** 14/19
**client [1]** 48/13
**client's [2]** 28/10 29/6
**clients [6]** 23/8 43/21 47/21 48/19 50/19 54/3
**CO [1]** 8/17
**codefendants [3]** 16/23 17/1 40/25
**Cohen [1]** 1/17
**colleague [1]** 41/12
**College [1]** 13/10
**come [10]** 30/4 36/13 41/7 41/24 44/21 44/22 48/9 50/2 55/17 56/5
**comes [2]** 46/8 49/13
**Commencing [1]** 1/19
**commend [3]** 26/19 29/22 39/12
**comment [1]** 56/10
**COMMERCE [2]** 3/17 13/7
**COMMUNICATIONS [3]** 8/21 17/16 17/17

**C**

**COMPACT [2]** 10/8 13/10
**companies [1]** 22/8
**company [4]** 10/22 12/25 49/10 54/10
**compel [2]** 17/7 35/13
**complaint [22]** 20/4 20/9 20/14 21/13 21/17 27/19 28/8 37/25 38/6 44/10 44/17 45/25 46/5 46/11 47/22 48/12 48/16 48/25 49/4 49/6 51/24 52/22
**complaints [6]** 21/21 43/20 44/1 50/15 50/19 52/18
**computer [1]** 1/24
**computer-aided [1]** 1/24
**concepts [1]** 26/23
**concerned [1]** 47/9
**concluded [1]** 57/4
**confer [7]** 16/16 16/22 28/1 33/17 34/2 40/25 41/10
**conference [2]** 1/5 55/5
**conferences [1]** 50/2
**conferred [2]** 17/1 17/2
**confirmations [1]** 54/14
**conform [2]** 46/14 46/16
**consent [1]** 22/7
**consideration [1]** 40/9
**consolidate [1]** 33/14
**consolidated [6]** 18/1 40/17 40/18 44/24 44/25 56/17
**CONSTANGY [1]** 12/2
**Constitution [1]** 37/12
**constitutional [9]** 19/4 20/3 20/18 29/24 32/16 35/5 37/1 37/5 41/3
**constitutionality [4]** 16/11 25/23 32/17 35/15
**contain [1]** 23/10
**contemplate [2]** 16/21 39/25
**contemplated [1]** 17/3
**contemplating [1]** 16/18
**continue [11]** 16/14 18/15 19/3 19/19 25/25 32/7 36/20 42/10 42/15 42/17 43/25
**continued [11]** 1/25 2/24 3/24 4/24 5/25 6/25 7/25 8/25 12/1 13/1 14/1
**contract [2]** 23/5 23/16
**contrary [1]** 45/22
**control [1]** 42/25
**Cooper [3]** 1/17 13/15 13/15
**coordinate [3]** 26/21 29/6 56/16
**coordinated [3]** 25/21 27/5 27/12
**coordinating [2]** 25/17 29/23
**coordination [10]** 25/8 25/22 26/1 26/20 27/10

28/21 28/22 45/13 56/12 56/15
**CoreLogic [1]** 11/12
**CORP [3]** 5/21 12/22 13/4
**CORPORATION [53]** 1/3 1/7 1/12 2/1 2/5 2/8 2/10 2/14 2/19 3/1 3/5 3/10 3/14 3/19 4/1 4/5 4/10 4/14 4/19 5/1 5/5 5/10 5/12 5/14 5/19 6/1 6/5 6/10 6/15 6/19 7/1 7/5 7/10 7/15 7/19 8/1 8/5 8/10 8/14 8/19 9/1 9/5 9/9 9/13 9/17 9/22 9/25 10/1 10/5 10/10 10/15 10/19 11/11
**correct [11]** 17/18 22/3 30/5 31/17 34/7 36/13 43/7 48/14 53/9 53/11 57/7
**correlate [1]** 56/12
**cost [1]** 35/4
**costs [1]** 34/25
**could [20]** 18/22 18/22 19/22 20/6 26/6 27/4 27/14 27/21 30/13 32/17 37/11 39/9 41/7 43/5 44/15 46/12 46/14 46/16 55/10 56/16
**counsel [3]** 17/2 34/21 49/24
**couple [1]** 25/4
**course [9]** 16/10 18/18 32/19 34/10 36/5 36/22 40/24 41/21 48/8
**court [47]** 1/1 1/22 13/19 16/1 16/10 16/12 16/13 18/8 18/14 18/16 18/18 18/23 20/12 22/7 30/19 31/6 31/8 31/24 32/5 32/8 33/8 33/21 34/5 34/9 34/13 35/7 35/21 36/5 36/8 37/4 38/11 38/17 40/16 41/17 41/21 41/24 42/7 42/10 42/16 42/20 43/6 43/9 43/22 46/25 50/11 57/5 57/12
**Court's [4]** 18/10 20/3 40/9 41/17
**Courthouse [1]** 1/17
**Courtroom [1]** 14/18
**covered [2]** 53/16 54/4
**Cranford [1]** 13/16
**CRC [1]** 57/11
**Credit [1]** 17/23
**CRR [1]** 57/11
**crystal [1]** 35/7
**culpability [2]** 37/16 38/5
**cv [49]** 1/4 1/8 1/13 2/2 2/6 2/11 2/15 2/20 3/2 3/6 3/11 3/15 3/20 4/2 4/6 4/11 4/15 4/20 5/2 5/6 5/11 5/15 5/20 6/2 6/6 6/11 6/16 6/20 7/2 7/6 7/11 7/16 7/20 8/2 8/6 8/11 8/15 8/20 9/2 9/6

9/10 9/14 9/18 9/23 10/2 10/6 10/11 10/16 10/20

**D**

**Daniel's [3]** 16/11 45/20 48/14
**DANZIG [1]** 13/2
**DARKOWL [2]** 10/13 11/21
**data [59]**
**date [1]** 55/10
**DAVID [1]** 12/14
**days [2]** 19/8 55/23
**DC [1]** 12/24
**deadline [14]** 29/3 29/19 30/4 30/14 33/12 38/12 38/13 40/3 40/23 41/1 41/8 45/11 47/3 50/11
**deadlines [2]** 39/16 55/3
**deal [6]** 24/8 28/16 32/15 32/20 33/22 36/23
**dealing [2]** 46/20 46/21
**dealt [3]** 32/22 32/22 45/2
**December [1]** 19/5
**December 23rd [1]** 19/5
**Decency [4]** 17/16 17/17 24/6 39/18
**decide [6]** 29/10 32/7 35/21 42/17 54/24 55/5
**deciding [1]** 18/10
**decision [11]** 16/11 18/19 20/4 20/19 29/2 37/16 41/10 41/20 42/17 44/11 44/25
**decisions [2]** 29/20 39/17
**declaration [1]** 49/10
**DeepSync [1]** 13/11
**defendant [26]** 11/18 11/25 12/7 12/10 12/16 12/19 12/22 12/25 13/4 13/7 13/10 13/14 13/17 13/20 13/23 14/4 14/7 14/10 14/13 14/22 22/5 23/12 24/19 27/7 38/10 39/14 44/22
**defendants [98]**
**defendants' [3]** 19/13 37/14 41/18
**defense [2]** 23/4 34/21
**defer [1]** 40/15
**deficiencies [1]** 54/19
**deficiency [1]** 28/7
**delivery [2]** 54/2 54/14
**DELUXE [2]** 2/8 11/11
**DELVEPOINT [2]** 2/17 14/4
**depend [1]** 22/6
**dependent [1]** 20/16
**depending [1]** 20/10
**DEPUTY [2]** 14/14 14/18
**detail [1]** 27/25
**details [1]** 27/19
**determine [1]** 33/24
**determined [1]** 26/10 29/17 29/20
**deviated [1]** 33/2

**DIALER [2]** 10/17 13/20
**did [6]** 27/15 36/25 41/1 48/4 48/13 55/2
**didn't [4]** 44/19 45/23 49/9 49/11
**difference [1]** 51/21
**different [13]** 17/12 17/22 22/5 27/2 27/3 27/4 27/8 33/15 33/15 33/15 37/7 38/18 39/6
**differently [1]** 27/14
**difficult [2]** 30/1 35/7
**difficulty [1]** 26/15
**DIGITAL [1]** 3/8
**discovery [21]** 21/18 21/23 21/24 22/2 23/3 28/16 29/12 31/23 32/10 33/18 35/3 35/25 38/25 39/1 39/7 39/9 40/14 40/16 48/9 49/14 55/7
**discretion [5]** 16/13 18/9 18/9 42/13 56/4
**Discussion [2]** 38/2 40/1
**dismiss [4]** 25/22 28/14 31/3 44/5
**disposes [1]** 21/23
**dispute [1]** 23/11
**distance [1]** 55/3
**district [7]** 1/1 1/1 1/21 16/2 18/14 42/10 43/9
**divests [2]** 42/3 42/7
**DIVISION [1]** 14/14
**DM [2]** 2/3 11/11
**dockets [1]** 19/8
**Doe [5]** 50/24 52/17 52/18 53/3 53/12
**Doe-1 [1]** 52/17
**Doe-2 [1]** 52/18
**does [5]** 20/17 38/17 40/12 41/25 52/17
**doesn't [6]** 31/24 37/13 38/11 39/21 41/22 54/17
**doing [8]** 19/7 25/11 25/25 26/16 28/11 32/14 36/21 37/6
**dollars [1]** 48/20
**DOLOWICH [1]** 13/18
**DOMINO [1]** 12/17
**done [7]** 25/13 29/25 31/21 41/9 41/15 44/17 55/6
**door [1]** 49/20
**double [1]** 26/17
**down [9]** 33/24 38/7 38/22 39/20 40/21 46/7 47/20 54/10 55/4
**dozen [2]** 26/6 48/20
**Drive [3]** 11/6 12/15 14/9
**during [1]** 55/11

**E**

**E-MERGES.COM [1]** 7/22
**each [5]** 22/5 27/7 38/10 39/14 44/8
**easier [1]** 41/5
**East [1]** 12/3

**easy [3]** 19/16 41/22 41/23
**EDPA [1]** 1/21
**efficiency [1]** 43/21
**efficient [1]** 37/20
**effort [2]** 36/7 37/4
**efforts [1]** 25/22
**eight [4]** 30/16 37/7 38/18 39/10
**Eighth [1]** 11/14
**either [6]** 20/20 28/8 31/21 38/19 44/21 56/17
**eliminate [1]** 20/10
**else [4]** 34/20 47/12 47/13 54/20
**email [3]** 54/8 54/9 54/10
**emails [1]** 54/4
**eMerges.com [1]** 12/7
**employees [1]** 48/20
**end [3]** 30/21 40/12 41/19
**enforcement [1]** 52/16
**Enformion [1]** 11/11
**entered [2]** 33/25 42/22
**ENTERPRISES [1]** 7/8
**entities [1]** 17/23
**entitled [3]** 21/18 21/24 57/8
**EPSILON [1]** 3/21
**EQUIFAX [1]** 6/3
**EQUIMINE [2]** 5/8 12/10
**ESQUIRE [27]** 11/2 11/5 11/8 11/9 11/13 11/17 11/20 11/23 12/2 12/5 12/8 12/11 12/14 12/17 12/20 12/23 13/2 13/5 13/8 13/12 13/15 13/18 13/21 14/2 14/5 14/8 14/11
**Essentially [2]** 25/7 25/11
**estimate [1]** 22/16
**et [92]**
**evaluate [1]** 46/10
**evaluating [1]** 24/2
**evaluation [1]** 25/14
**EVANS [1]** 14/5
**even [8]** 16/14 20/23 26/15 27/16 28/23 38/19 46/1 46/7
**event [2]** 23/2 33/11
**ever [1]** 48/5
**every [10]** 44/22 45/16 49/6 51/6 51/7 51/8 52/10 53/6 53/6 54/13
**everybody [9]** 29/6 29/18 29/19 32/16 39/12 39/17 41/2 45/13 47/12
**everybody's [3]** 18/2 29/25 41/9
**everyone [1]** 37/21
**everything [1]** 36/18
**everything's [1]** 33/4
**evidence [2]** 46/17 46/21
**exact [1]** 42/11
**exactly [5]** 28/12 28/17 28/17 28/18 47/5

**E**

**example [6]**  20/17 26/7 27/1 29/1 29/9 38/25 52/21
**expediency [1]**  31/18
**expedient [1]**  44/7
**expediently [1]**  45/3
**expedite [1]**  31/11
**expensive [1]**  35/3
**extent [1]**  31/19
**extraterritorial [2]**  17/21 39/19

**F**

**face [1]**  21/17
**facial [1]**  36/22
**fact [3]**  46/8 47/6 47/6
**facts [3]**  27/8 46/2 46/23
**factual [1]**  29/11
**failing [1]**  40/13
**failure [5]**  17/11 20/23 37/15 44/6 44/14
**Fair [1]**  17/23
**faith [1]**  48/10
**fantastic [1]**  50/3
**far [1]**  25/17
**February [3]**  55/11 55/15 57/11
**federal [3]**  1/22 17/19 57/5
**feel [2]**  30/2 31/4
**few [2]**  17/20 34/15
**fewer [2]**  29/15 41/3
**fictitious [3]**  50/20 51/22 51/23
**fight [1]**  28/6
**figure [2]**  26/3 33/22 55/22
**file [28]**  18/2 20/4 20/9 22/14 26/24 27/13 28/15 29/4 29/4 29/7 30/22 31/3 32/9 35/13 38/9 38/12 38/16 44/9 44/14 45/12 48/18 49/7 50/10 50/12 51/5 55/12 55/23 56/11
**filed [14]**  19/19 20/19 22/23 27/12 30/4 32/13 32/24 33/4 33/11 33/21 35/22 38/23 40/4 44/17
**filing [8]**  31/21 34/1 39/18 40/23 42/23 42/23 44/6 54/17
**finalized [1]**  19/5
**FINANCIAL [1]**  7/13
**find [1]**  39/13
**fine [1]**  25/15
**firms [1]**  56/18
**first [10]**  27/15 27/21 36/23 43/5 43/6 43/9 47/16 48/25 55/11 55/15
**FISHERBROYLES [1]**  11/16
**five [1]**  51/17
**flavors [2]**  17/12 17/22
**FLEXNER [1]**  11/2
**Floor [4]**  11/3 11/14 12/21 14/15
**Florham [1]**  12/15

**folder [1]**  54/7
**folks [1]**  47/19
**following [2]**  17/3 49/14
**follows [1]**  16/3
**food [2]**  56/10 56/21
**force [2]**  52/23 52/25
**forefront [1]**  44/13
**foregoing [1]**  57/7
**form [1]**  34/10
**FORTNOFF [1]**  7/13
**forward [14]**  18/22 18/23 19/16 19/19 21/6 30/20 32/2 33/4 34/5 34/12 36/9 46/24 49/21 56/5
**forwarded [1]**  54/9
**found [1]**  54/6
**four [5]**  23/24 24/7 24/8 40/21 51/17
**frame [2]**  56/4 56/11
**frankly [1]**  26/4
**free [2]**  18/1 18/4
**Freehold [1]**  13/6
**FRIEDMAN [1]**  13/12
**front [1]**  20/12
**full [1]**  49/14
**further [1]**  56/24

**G**

**game [2]**  28/25 28/25
**games [1]**  28/11
**gang [2]**  52/23 52/25
**Gateway [1]**  12/9
**gave [4]**  26/4 26/5 26/8 29/16
**GENERAL [3]**  14/14 14/14 14/16
**getting [3]**  20/12 40/20 56/18
**GIBBONS [1]**  12/8
**give [7]**  20/17 22/16 29/11 30/9 40/24 40/24 56/7
**given [2]**  26/16 56/11
**gives [3]**  16/13 30/18 45/13
**GOHUNT [2]**  6/17 12/16
**gone [1]**  54/14
**good [15]**  16/5 16/6 16/7 16/24 16/25 24/24 24/25 33/2 43/14 43/15 48/10 52/2 52/3 56/5 56/6
**GORDON [1]**  14/5
**got [5]**  18/17 18/21 33/4 43/11 49/11
**gotten [2]**  35/18 36/2
**governed [1]**  17/23
**granted [1]**  47/17
**grasp [1]**  40/17
**great [2]**  34/3 41/15
**GREENBERG [1]**  12/14
**GREENSPOON [2]**  11/19 43/16
**grounds [1]**  27/4
**group [7]**  2/3 9/8 11/10 11/11 11/21 40/19 52/13
**guess [1]**  30/3 43/5

**H**

**hac [1]**  12/5
**Hackensack [1]**  13/19
**Halsey [1]**  14/15
**HAMILTON [1]**  11/8
**hand [1]**  34/13
**handled [1]**  45/3
**happen [2]**  41/11 43/8
**happens [4]**  33/13 35/1 41/7 41/19
**happy [8]**  16/5 16/9 25/1 52/4 53/21 53/25 53/25 54/11
**HARVEY [2]**  1/20 16/2
**has [10]**  16/12 18/8 18/18 24/19 34/16 39/22 42/16 43/8 43/9 46/10
**hasn't [1]**  27/19
**have [91]**
**haven't [6]**  25/15 28/23 39/14 45/24 45/24 50/24
**having [4]**  44/4 44/13 46/24 47/25
**HB [49]**  1/4 1/8 1/13 2/2 2/6 2/11 2/15 2/20 3/2 3/6 3/11 3/15 3/20 4/2 4/6 4/11 4/15 4/20 5/2 5/6 5/11 5/15 5/20 6/2 6/6 6/11 6/16 6/20 7/2 7/6 7/11 7/16 7/20 8/2 8/6 8/11 8/15 8/20 9/2 9/6 9/10 9/14 9/18 9/23 10/2 10/6 10/11 10/16 10/20 he [5]  26/7 27/1 27/18 27/24 29/16
**he's [2]**  27/20 28/19
**head [1]**  41/8
**health [1]**  52/17
**hear [5]**  22/20 34/19 34/20 43/12 45/5
**heard [1]**  47/12
**hearing [1]**  30/11
**heart [1]**  32/18
**held [3]**  16/1 38/2 40/1
**help [1]**  16/18
**helpful [1]**  25/18
**HENNING [1]**  13/8
**her [4]**  52/23 52/24 53/1 53/3
**here [17]**  19/2 19/21 21/8 23/12 25/11 25/25 26/3 26/14 28/20 28/25 30/3 30/9 31/25 33/3 41/24 42/11 53/1
**hey [1]**  24/2
**high [2]**  23/11 21/20
**hold [1]**  53/3
**Holiday [1]**  19/10
**home [1]**  52/24
**Honor [38]**  16/6 16/7 16/9 16/24 17/9 17/17 17/24 18/3 18/6 23/25 24/24 26/19 27/14 28/22 30/5 33/5 34/24 37/24 38/4 40/8 41/16 43/11 43/15 46/13 47/14 47/17 47/17 50/5 50/17 52/6

53/9 53/20 54/25 55/9 55/14 56/3 56/6 57/2
**Honor's [3]**  25/10 37/16 43/22
**HONORABLE [2]**  1/20 16/1
**hook [1]**  49/11
**huh [1]**  17/13
**hypertechnical [1]**  47/4

**I**

**I'd [2]**  29/8 39/11
**I'll [8]**  17/5 20/17 21/12 34/20 42/8 42/13 56/3 56/4
**I'm [13]**  18/12 19/2 23/4 23/13 24/4 27/14 29/2 31/10 31/17 36/19 38/21 51/23 51/23
**I've [3]**  17/2 29/2 41/16
**i360 [2]**  6/12 14/13
**idea [2]**  19/23 54/1
**identified [1]**  50/22
**identify [2]**  51/25 53/21
**III [3]**  1/20 11/8 16/2
**immediately [1]**  32/20
**important [4]**  25/24 26/20 32/15 32/19
**impose [2]**  28/23 42/20
**impractical [4]**  27/17 28/19 46/6 46/20
**INC [30]**  2/3 2/12 3/3 4/3 4/12 4/17 5/3 5/8 6/3 6/22 7/8 7/22 8/3 8/12 8/21 9/3 9/12 9/16 10/17 11/10 11/11 11/11 11/11 11/12 12/7 12/10 12/19 13/17 13/20 14/10
**including [3]**  21/19 47/21 53/8
**incur [2]**  34/25 35/4
**INDEX [1]**  14/22
**indicated [1]**  18/8
**individual [3]**  52/13 53/7 53/12
**individuals [1]**  53/8
**INFOMATICS [3]**  1/10 11/15 56/9
**inform [4]**  1/5 11/15 16/18 56/9
**information [11]**  10/8 13/10 19/25 23/9 45/14 47/19 48/3 48/7 53/1 53/5 53/15
**INGERSOLL [1]**  12/11
**initial [1]**  19/13
**initially [1]**  19/2
**INNOVIS [2]**  4/12 11/18
**instead [3]**  26/16 32/14 40/20
**INTERACTIVE [1]**  8/12
**interest [3]**  31/14 31/18 31/19
**interested [1]**  23/4
**interference [2]**  38/1 39/23
**Internet [1]**  48/3

**Intervenor [1]**  14/16
**investigate [1]**  44/8
**investigation [3]**  44/17 49/19 49/22
**involved [1]**  24/1
**Irish [1]**  41/13
**irresponsible [2]**  48/1 48/8
**isn't [5]**  21/17 21/17 28/9 39/17 49/16
**issue [26]**  19/4 20/15 21/11 21/25 22/4 22/5 22/6 22/7 24/11 25/7 25/8 29/9 29/24 30/8 32/16 34/3 36/10 37/1 37/3 37/5 38/9 40/4 44/25 47/9 50/7 52/21
**issues [19]**  18/5 19/21 27/24 28/2 29/11 32/11 33/17 35/9 35/10 36/22 37/7 38/18 39/15 40/18 41/3 45/10 54/2 54/11 55/21
**its [1]**  16/11

**J**

**JAMES [2]**  14/2 14/14
**Jane [6]**  50/24 52/17 52/17 52/18 53/3 53/12
**January [1]**  1/18
**JARED [1]**  13/8
**JASON [1]**  11/17
**JERSEY [18]**  1/1 1/18 11/6 11/10 11/12 12/9 12/15 13/3 13/6 13/16 13/19 13/22 14/9 14/14 14/15 14/16 17/21 22/9
**job [2]**  41/2 41/15
**John [6]**  1/22 1/23 12/2 13/15 50/23 57/11
**join [1]**  34/2
**JOY [2]**  7/8 11/22
**JR [1]**  14/2
**judge [6]**  1/21 16/2 20/7 52/9 53/25 54/1
**judgment [6]**  34/9 34/15 36/8 48/18 49/8 49/13
**Judicial [1]**  14/19
**jurisdiction [33]**  17/4 21/12 21/13 21/16 21/16 21/21 22/1 22/14 22/17 22/3 27/7 27/16 28/6 28/8 28/15 29/9 29/12 31/4 35/12 35/25 36/17 36/22 36/23 36/24 37/18 37/25 39/4 42/4 42/8
**jurisdictional [2]**  21/18 40/13
**jurisdictions [1]**  35/9
**just [38]**  19/8 22/24 22/13 23/18 23/22 24/4 26/19 27/15 27/20 28/3 29/1 30/2 30/24 31/3 31/17 33/25 34/4 34/24 37/6 38/17 41/18 43/19 46/5 47/16 47/22 47/24

**J**

**just... [12]** 48/6 48/11 48/17 49/22 51/6 53/12 55/10 56/3 56/6 56/10 56/10 56/21

**K**

**KAUFMAN [1]** 13/18
**keep [1]** 37/6
**keeping [1]** 40/11
**KELLY [2]** 11/20 43/16
**KEN [1]** 13/12
**KEVIN [1]** 12/8
**KHALOUIAN [1]** 14/11
**kind [5]** 26/14 27/17 30/2 30/15 31/22
**KNIGHT [1]** 4/21
**know [37]** 20/15 22/6 22/8 23/7 23/8 25/10 25/14 25/16 25/19 26/13 29/23 29/23 30/3 30/8 30/14 30/15 30/21 31/13 34/10 37/4 37/11 38/7 39/5 39/15 41/13 42/10 46/3 46/19 46/22 47/5 51/7 51/8 52/20 53/5 54/2 54/9 54/24
**knows [3]** 39/5 39/11 46/13
**KRISTA [1]** 12/11
**Kurz [3]** 1/22 1/23 57/11

**L**

**L.L.C [1]** 9/8
**labeled [1]** 26/17
**LABELS [2]** 4/3 13/17
**Labs [1]** 13/11
**lack [5]** 17/4 27/6 27/16 28/15 38/17
**Larry [1]** 14/18
**last [6]** 16/15 22/25 54/1 55/21 55/21 56/10
**law [11]** 11/5 12/23 13/5 14/14 14/19 16/11 17/21 45/20 48/15 52/15 56/18
**lawyer [3]** 46/13 54/11 54/13
**lawyers [1]** 54/7
**least [11]** 31/22 34/25 35/17 35/22 35/25 36/2 44/16 45/24 50/19 50/22 55/21
**leave [2]** 20/7 56/4
**legal [2]** 26/23 27/8
**less [2]** 48/20 48/20
**let [9]** 21/11 21/12 24/20 34/19 43/12 45/5 48/25 54/23 54/24
**let's [4]** 23/22 35/6 37/10 41/18
**letters [1]** 28/1
**level [2]** 23/11 27/20
**LEVY [1]** 13/8
**LEWIS [1]** 13/21
**LEXISNEXIS [1]** 9/20
**liability [2]** 20/25 38/5
**life [1]** 41/8

**LIFETIME [1]** 8/17
**light [1]** 20/3
**LIGHTHOUSE [2]** 10/22 12/25
**like [9]** 17/11 20/11 28/1 28/5 28/11 31/20 43/10 50/23 54/2
**limited [1]** 22/2
**line [2]** 28/4 46/4
**list [3]** 10/22 12/25 47/18
**lists [3]** 4/3 13/17 53/16
**litigation [3]** 48/9 48/23 48/24
**little [7]** 26/15 29/25 30/9 30/19 30/23 45/3 56/14
**LLC [38]** 1/5 1/10 1/14 2/17 2/21 3/8 3/17 3/21 4/8 4/21 5/17 6/12 6/17 7/3 7/13 8/8 8/17 9/20 10/3 10/8 10/13 10/22 11/10 11/11 11/11 11/12 11/15 11/15 11/15 12/5 12/16 13/7 13/10 13/14 13/15 14/4 14/7 14/13
**LLP [15]** 11/2 11/5 11/8 11/13 11/16 11/23 12/2 12/14 12/17 12/20 13/2 13/12 13/18 13/21 14/1 14/5
**Logan [2]** 11/24 14/6
**LOMURRO [1]** 13/5
**longer [1]** 56/15
**look [7]** 29/8 33/16 33/23 39/8 42/6 42/8 49/21
**looking [3]** 22/17 29/10 36/3
**looks [1]** 20/11
**Los [1]** 12/3
**lot [8]** 19/21 20/13 26/22 28/5 28/22 30/6 30/7 39/20
**loud [1]** 29/2
**LOUIS [1]** 12/20
**LOWENSTEIN [2]** 14/8 14/9
**LTD [1]** 7/17

**M**

**MACDONALD [1]** 12/2
**MacStravic [1]** 14/18
**made [8]** 16/11 26/3 27/18 29/2 34/16 39/14 47/19 47/20
**MAGNUS [1]** 11/20
**Main [1]** 13/19
**maintain [2]** 53/3 53/23
**make [12]** 19/12 29/5 29/20 30/17 34/8 36/8 37/13 39/16 39/21 41/10 46/12 54/17
**makes [7]** 20/7 20/19 21/22 30/6 30/7 45/12 49/1
**making [4]** 26/6 26/10 28/24 46/21
**Mallory [1]** 22/7
**MANAGEMENT [2]** 3/21 9/20

**MANATT [1]** 13/12
**MANSUKHANI [1]** 14/5
**many [4]** 29/13 40/14 47/21 48/19
**MARDER [2]** 11/19 43/16
**MARK [2]** 12/5 13/18
**Market [2]** 12/21 14/3
**Marketing [1]** 13/10
**MAROUF [1]** 13/2
**Maryland [1]** 13/6
**masterful [1]** 41/2
**match [1]** 26/5
**matter [12]** 16/14 23/5 30/12 32/7 32/19 33/9 36/21 36/23 36/24 43/21 47/24 57/8
**MATTHEW [1]** 13/21
**may [22]** 16/8 16/14 16/18 18/4 18/14 20/9 22/6 26/10 28/7 32/23 33/16 33/19 36/1 37/7 38/25 39/6 39/8 39/14 39/17 39/21 53/22 55/21
**maybe [22]** 16/20 18/5 19/22 20/7 21/5 21/22 22/5 22/5 26/14 28/3 29/14 29/15 31/5 33/13 33/14 35/24 39/3 39/4 39/17 40/3 40/20 50/1
**me [20]** 16/18 21/11 21/19 24/20 29/5 34/19 36/20 38/21 40/2 40/22 41/9 41/13 42/5 43/3 43/5 43/6 43/12 45/5 45/22 54/23
**mean [25]** 22/16 29/5 29/14 30/15 31/4 34/11 34/15 35/6 36/10 36/20 37/4 37/6 37/8 39/12 39/24 41/1 41/17 45/23 46/2 46/5 46/14 50/25 55/12 55/16 55/25
**meaning [1]** 17/10
**means [1]** 56/14
**measure [1]** 27/25
**mechanical [1]** 1/23
**meet [1]** 28/1
**MELISSA [2]** 5/21 13/4
**mens [1]** 20/24
**mentioned [3]** 26/7 29/14 30/11
**MERGES.COM [1]** 7/22
**merits [1]** 49/24
**met [1]** 49/16
**MICHAEL [2]** 11/9 12/20
**Microphone [2]** 38/1 39/23
**might [6]** 27/2 27/3 27/7 30/23 33/18 38/24
**million [1]** 48/20
**Mills [1]** 12/6
**minds [1]** 39/15
**mine [1]** 47/21
**MISALE [1]** 14/14
**missing [1]** 28/3

**Mitchell [1]** 1/17
**moment [2]** 24/5 37/3
**money [3]** 28/10 29/7 39/20
**month [7]** 19/13 22/25 30/21 35/2 40/12 41/19 55/21
**months [4]** 30/16 38/18 39/10 53/17
**more [9]** 20/8 26/6 29/15 29/19 30/1 30/24 45/3 53/21 56/15
**morning [13]** 16/5 16/6 16/7 16/24 16/25 24/24 24/25 43/14 43/15 52/2 52/3 56/5 56/6
**Morristown [1]** 13/3
**most [6]** 34/17 45/12 45/12 51/6 52/13 52/18
**motion [25]** 21/23 23/14 24/8 25/12 25/22 26/11 27/2 27/5 27/12 27/17 27/25 28/15 28/24 30/25 31/3 35/13 38/12 38/16 42/23 44/5 48/18 49/8 50/12 51/5 54/18
**motions [57]** 16/17 16/17 17/3 18/1 19/3 19/19 20/1 20/1 20/6 20/8 20/10 20/16 21/6 21/7 25/19 26/3 26/7 26/22 26/24 27/11 29/3 29/4 30/4 30/16 30/22 30/25 31/22 32/10 32/13 32/13 32/23 33/10 33/15 33/18 33/21 34/1 36/2 36/12 38/10 38/23 38/24 39/8 39/18 40/3 40/14 40/23 40/24 44/13 44/14 50/10 55/3 55/13 55/17 55/20 55/23 56/12 56/16
**move [7]** 19/16 21/6 27/3 30/20 31/3 32/2 46/24
**moving [4]** 19/20 31/18 36/25 49/21
**Mr [5]** 15/4 15/5 15/7 15/8 45/8
**Mr. [15]** 16/20 24/21 24/21 26/5 27/18 29/14 34/20 39/13 45/5 45/11 50/6 51/14 51/15 52/19 53/18
**Mr. Parikh [2]** 24/21 51/15
**Mr. Shaw [3]** 24/21 45/5 51/14
**Mr. Stio [10]** 16/20 26/5 27/18 29/14 34/20 39/13 45/11 50/6 52/19 53/18
**Ms [1]** 15/6
**much [3]** 40/14 56/23 57/1
**MULCAHY [1]** 14/2
**my [14]** 18/19 18/20 18/23 19/8 23/8 31/15 33/5 37/8 42/3 42/16 50/19 51/8 51/16 56/2

**MYHERITAGE [2]** 7/17 12/19
**mystery [1]** 26/14

**N**

**name [4]** 51/3 51/13 52/5 56/7
**named [8]** 50/14 50/23 51/1 51/4 51/4 51/17 52/13 52/17
**names [3]** 28/24 53/19 53/21
**narrow [1]** 40/21
**necessarily [3]** 49/15 49/15 52/18
**need [3]** 26/20 30/23 33/18 34/12 38/13 38/24 38/25 39/7 50/13 51/5 51/11 53/20 56/24
**needs [2]** 45/16 55/6
**negligence [16]** 20/25 37/17 43/25 44/2 44/6 44/8 44/10 44/14 45/18 45/19 45/23 48/1 48/6 48/11 49/17
**negligent [2]** 46/5 47/7
**never [7]** 30/3 41/7 47/21 48/10 49/10 54/3 54/8
**new [35]** 1/1 1/18 11/3 11/6 11/10 11/14 11/14 11/21 12/9 12/15 12/18 12/18 13/3 13/6 13/9 13/13 13/13 13/16 13/19 13/22 14/9 14/12 14/12 14/14 14/15 14/16 16/5 16/9 17/21 19/10 22/9 22/22 25/1 43/22 52/4
**Newark [4]** 11/21 12/9 13/22 14/15
**next [10]** 1/25 2/24 3/24 4/24 5/25 6/25 7/25 8/25 16/16 36/1
**NICOLE [1]** 14/11
**nine [1]** 26/9
**njd.uscourts.gov [1]** 1/23
**no [26]** 18/12 18/21 20/20 23/13 23/19 29/2 29/19 30/12 35/12 38/4 38/20 42/9 42/25 43/2 44/1 47/3 48/6 49/17 49/19 49/22 50/15 50/17 51/1 51/19 54/22 56/25
**none [3]** 26/4 39/11 56/21
**normal [1]** 32/24
**normally [1]** 23/2
**North [1]** 13/19
**not [53]** 18/15 20/11 21/19 21/23 22/9 22/11 22/12 22/13 23/8 23/14 30/24 31/10 33/3 33/12 33/19 34/3 35/8 35/11 35/12 36/1 36/11 37/8 37/20 38/16 38/21 39/8 39/10 39/21 42/15 42/25 43/23 44/12 44/15 46/11 46/21 47/7 47/8 47/9 48/2 48/3 48/4 48/13

**N**

not... [10] 48/25 49/1 49/5 49/15 49/15 51/4 51/23 51/25 52/18 53/11
notice [10] 46/23 48/4 48/14 48/14 49/5 49/6 49/9 49/9 49/11 49/11
notified [2] 47/22 48/15
November [1] 16/10
now [24] 17/25 20/8 23/4 23/14 23/22 24/18 26/1 27/16 28/1 29/2 30/17 30/22 31/5 32/12 32/23 33/3 34/19 37/5 37/20 39/19 40/3 41/24 43/22 45/20
number [55] 1/3 1/7 1/12 2/1 2/5 2/10 2/14 2/19 3/1 3/5 3/10 3/14 3/19 4/1 4/5 4/10 4/14 4/19 5/1 5/5 5/10 5/14 5/19 6/1 6/5 6/10 6/15 6/19 7/1 7/5 7/10 7/15 7/19 8/1 8/5 8/10 8/14 8/19 9/1 9/5 9/9 9/13 9/17 9/22 10/1 10/5 10/10 10/15 10/19 11/17 34/2 47/21 48/2 48/2 48/4
numbers [2] 26/2 26/5
NUWBER [1] 8/3
NW [1] 12/24

**O**

object [1] 56/3
obviously [7] 18/23 19/15 23/5 29/8 36/1 36/5 52/25
occur [1] 35/2
odds [2] 34/9 36/7
off [7] 23/9 37/3 38/2 39/15 40/1 49/11 49/23
offer [2] 40/8 40/13
office [2] 14/14 41/12
officers [2] 51/2 52/16
Official [2] 1/22 57/5
Oh [4] 22/24 43/3 53/14 55/12
okay [8] 20/22 21/15 22/15 23/1 23/21 24/4 44/23 49/18
OMAR [1] 13/2
once [4] 33/16 33/21 33/23 55/4
one [29] 11/24 12/9 13/3 13/22 14/9 17/4 18/6 23/8 24/18 24/19 25/7 27/2 27/4 27/12 27/18 29/1 32/17 33/25 35/12 36/14 37/17 47/25 47/25 50/7 51/8 52/10 52/21 53/6 53/6
ones [4] 22/22 38/24 52/19 55/7
only [3] 20/13 36/13 36/16
open [1] 16/1
operate [1] 27/8
opportunity [2] 27/23 42/19

oppose [1] 38/14
opposed [2] 38/19 40/6
opposing [1] 49/24
Orange [1] 11/6
order [10] 16/12 30/17 33/25 34/1 39/9 42/22 46/8 47/18 53/22 55/2
organize [1] 55/22
organizing [1] 26/15
ORTOLANI [1] 13/18
other [15] 20/15 24/2 29/3 30/24 34/13 34/21 35/10 38/9 39/8 43/12 45/19 50/7 51/8 53/2 54/8
others [2] 33/19 53/13
ought [1] 34/5
our [11] 19/2 19/25 21/7 26/1 31/14 31/17 32/8 32/9 33/10 43/21 53/1
out [19] 17/4 17/22 19/22 20/12 21/5 22/20 24/14 25/23 26/3 29/2 32/3 33/22 39/13 39/17 41/13 47/6 53/24 55/3 55/22
outcome [1] 46/3
OUTSIDE [1] 8/12
over [4] 22/25 24/5 28/6 42/25
overrule [2] 18/19 42/16
Owings [1] 12/6
own [2] 18/2 51/13

**P**

P.C [2] 12/8 12/11
P.O [1] 12/15
page [9] 1/25 2/24 3/24 4/24 5/24 6/25 7/25 8/25 15/3
papers [1] 31/9
Paragon [1] 13/6
PARIKH [5] 11/5 15/7 24/21 51/15 52/6
Park [2] 12/3 12/15
part [3] 18/20 26/1 29/25
particular [2] 46/10 52/15
particularly [1] 16/17
parties [9] 16/16 25/20 29/11 29/22 33/14 36/25 37/7 51/22 51/23
parts [1] 27/3
party [1] 50/20
party's [1] 45/16
pass [2] 24/5 46/8
path [3] 38/8 38/22 46/4
PATRICK [1] 14/14
Pearl [1] 11/3
PEM [1] 11/5
pending [3] 18/9 18/15 25/12
Pennsylvania [6] 11/18 11/24 12/12 12/21 14/3 14/6
people [12] 1/14 11/15 26/6 26/8 26/9 26/9 26/17 27/13 28/24 39/14 39/15 56/9

PEPPER [1] 11/8
period [6] 22/1 30/18 31/4 32/6 33/24 35/20
permissible [1] 40/5
permit [1] 36/25
persnickety [1] 46/21
personal [25] 17/4 21/12 21/13 21/16 22/1 22/14 23/3 27/6 27/16 28/6 28/8 28/15 29/9 29/12 31/3 31/23 32/9 33/18 35/9 35/11 35/24 36/16 38/17 38/25 39/4
persons [2] 53/16 54/4
pertain [1] 40/18
PETER [1] 14/8
petition [8] 18/10 20/20 20/21 31/10 35/1 43/23 43/23 44/12
PHELPS [1] 13/12
Philadelphia [5] 11/24 12/12 12/21 14/3 14/6
PHILLIPS [1] 13/12
pictures [3] 52/22 52/23
piecemeal [3] 32/14 36/20 37/6
Pittsburgh [1] 11/18
place [3] 35/25 40/11 48/25
Plains [1] 13/9
plaintiff [3] 44/7 52/9 53/3
plaintiffs [75]
plaintiffs' [1] 17/2
plan [2] 32/3 35/25
plausibility [3] 17/11 37/15 38/7
playing [1] 28/11
Plaza [2] 13/19 13/22
plead [1] 38/4
pleading [5] 17/15 28/3 49/16 50/12 54/18
pleadings [2] 46/16 46/22
pled [1] 21/17
point [8] 32/12 33/3 34/1 36/12 39/5 41/1 43/20 55/2
position [11] 18/10 19/14 31/7 32/6 32/8 32/9 33/6 33/10 34/4 41/18 41/18
positions [1] 39/13
possession [1] 52/24
possibility [1] 29/1
possible [1] 56/13
possibly [1] 27/21
power [2] 31/15 31/16
practical [7] 25/10 25/16 25/17 30/7 30/12 45/13 46/3
practicality [1] 25/7
practice [1] 33/3
preemption [3] 17/22 24/17 39/22
prejudice [1] 17/8
prepare [1] 30/20
prepared [1] 19/3
present [2] 14/17 43/25

presented [1] 25/13
pressing [2] 23/18 23/19
pretrial [5] 29/3 32/13 32/23 40/4 40/23
prevent [1] 18/23
preventing [1] 46/21
Princeton [1] 11/10
principals [1] 49/10
principles [1] 27/9
prior [1] 44/16
prioritize [1] 33/17
PRIVACY [49] 1/3 1/7 1/12 2/1 2/5 2/10 2/14 2/19 3/1 3/5 3/10 3/14 3/19 4/1 4/5 4/10 4/14 4/19 5/1 5/5 5/10 5/14 5/19 6/1 6/5 6/10 6/15 6/19 7/1 7/5 7/10 7/15 7/19 8/1 8/5 8/10 8/14 8/19 9/1 9/5 9/9 9/13 9/17 9/22 10/1 10/5 10/15 10/19
pro [1] 12/5
probably [3] 22/17 24/7 56/14
problem [1] 26/1
problems [2] 27/18 27/19
proceed [2] 50/14 50/23
proceeding [1] 51/21
proceedings [4] 1/23 16/1 57/4 57/8
process [4] 32/24 48/24 49/1 54/14
produced [1] 1/24
PRODUCTS [1] 3/8
proof [3] 36/11 37/23 47/8
PROPERTYRADAR [1] 9/3
PROPHETE [1] 12/2
protection [1] 53/23
protective [1] 53/22
provide [1] 47/18
provided [2] 53/15 53/16
provision [1] 43/10
publish [1] 48/3
pulled [1] 54/10
PURCARO [3] 11/20 15/6 43/16
purpose [1] 45/4
purposes [1] 53/1
pursuant [1] 53/22
pursue [1] 23/25
put [4] 17/5 39/15 46/22 48/8

**Q**

QUANTARIUM [2] 2/21 14/7
question [5] 18/6 19/18 25/23 33/7 36/14
QUINN [1] 14/8

**R**

raise [3] 24/19 37/8 39/4
raised [5] 22/1 23/23 24/16 43/20 45/10

raising [1] 40/4
Raj [1] 52/6
RAJIV [1] 11/5
RAO [1] 12/23
rather [2] 44/4 44/13
Raymond [1] 11/20
RDR [1] 57/11
RDR-RMR-CRR-CRC [1] 57/11
rea [1] 20/24
really [5] 25/23 39/11 46/3 46/19 47/9 54/18
reason [3] 33/2 47/20 54/16
reasonable [2] 39/10 55/3
receipt [1] 49/5
receive [3] 48/4 48/13 49/9
received [3] 47/21 54/4 55/4
recognize [1] 44/19
recognized [1] 44/20
recommend [2] 55/10 55/11
record [5] 38/2 40/1 52/5 56/7 57/8
recorded [1] 1/23
Red [2] 11/11 12/6
REED [1] 12/8
REES [1] 14/5
referencing [1] 31/17
referring [1] 52/19
regard [1] 16/17
regardless [1] 34/5
registered [2] 22/9 22/11
REICH [1] 12/8
relevant [1] 36/13
remain [1] 44/9
remand [5] 25/19 25/21 29/23 37/1 37/2
remember [1] 30/15
Remine [1] 11/11
removed [1] 53/2
Reporter [2] 1/22 57/12
REPORTER'S [1] 57/5
Reporter/Transcriber [1] 57/12
Reporting [1] 17/23
represent [1] 43/16
request [5] 19/2 47/19 47/20 50/11 56/2
requested [1] 47/17
requests [1] 47/22
require [2] 23/3 39/8
required [2] 49/1 49/21
requirement [3] 43/24 44/15 44/18
requires [2] 48/14 49/8
requiring [1] 47/18
RESEARCH [1] 3/12
resolution [1] 23/11
resolve [3] 27/24 28/2 28/2
resolved [1] 33/9
respect [7] 29/12 29/23 30/10 53/5 54/1 55/6 55/7

**R**

respond [1] 39/10
response [3] 33/25 54/22
56/25
responses [1] 24/1
RESTORATION [2] 6/8
12/4
result [2] 16/15 44/24
REUTERS [2] 5/12
12/22
reverses [1] 34/13
review [4] 19/8 37/5
37/13 37/19
revolve [1] 26/22
Richard [2] 50/16 50/16
right [63]
rights [1] 37/2
RIKER [1] 13/2
rise [2] 16/4 57/3
RISK [1] 9/20
Riverfront [1] 13/22
RKW [1] 12/5
RMR [1] 57/11
Rob [1] 56/8
ROBERT [1] 11/13
ROCKETREACH [2]
8/8 11/12
ROCKWELL [2] 7/8
11/22
Roes [1] 50/16
rolling [1] 35/18
ROME [1] 11/23
ROONEY [1] 12/11
ROSE [2] 12/11 14/19
Roseland [1] 14/9
round [1] 21/6
route [3] 40/6 46/7 55/5
rule [5] 17/8 19/9 35/15
36/1 46/10
rules [2] 32/24 40/5
ruling [2] 19/13 43/23
run [2] 12/6 41/14
running [1] 41/13
RYAN [2] 13/15 14/19

**S**

safety [4] 3/8 52/17 53/10
53/13
said [3] 21/2 26/8 26/9
same [9] 22/6 26/24 27/6
27/9 27/10 30/10 32/25
33/11 48/7
SANDERS [1] 11/8
SANDLER [1] 14/8
satisfied [1] 50/24
satisfy [2] 50/13 51/12
saw [1] 31/10
say [21] 19/4 20/5 20/7
20/8 20/20 21/19 27/24
28/18 35/17 38/5 39/19
40/19 45/24 46/25 47/7
48/9 49/5 49/6 51/7 54/21
56/3
saying [5] 26/5 28/3
44/14 49/10 53/18
says [8] 18/14 34/14 35/5
36/6 42/9 43/6 46/4 49/8

**SCALABLE** [2] 3/17
13/7
SCHILLER [1] 11/2
SCHWARTZ [1] 11/9
score [1] 45/25
SCOTT [1] 14/2
SCULLY [1] 14/5
SEARCHBUG [2] 9/12
11/22
SEARCHERS [3] 1/14
11/15 56/9
seated [1] 16/8
second [1] 21/6
see [19] 20/8 20/18 20/21
24/23 27/17 29/13 29/25
33/13 33/21 34/25 38/23
39/11 40/5 40/12 40/14
40/14 41/6 41/18 46/11
seek [2] 28/14 40/17
seeking [1] 53/1
seem [1] 54/17
seems [8] 28/5 29/5 36/20
38/21 40/2 40/22 41/9
47/4
sees [1] 40/16
Selection [1] 13/11
SELLINGER [1] 12/14
send [1] 41/13
sense [8] 20/8 29/5 30/6
30/7 37/13 39/21 45/12
54/17
sent [1] 49/6
sentence [4] 47/25 47/25
48/11 49/22
separate [2] 29/4 29/4
sequence [1] 38/16
sequencing [1] 18/4
seriatim [2] 37/8 38/11
series [1] 32/23
Service [1] 13/11
set [9] 29/2 30/3 33/11
40/3 40/22 41/1 41/8
45/17 50/11
setting [1] 30/14
seven [1] 37/7
Seventh [1] 12/18
SEYFARTH [2] 11/13
56/8
shared [1] 19/25
SHAW [11] 11/2 11/13
15/5 24/21 25/1 45/5 45/8
45/9 51/14 55/19 56/8
she [1] 52/22
Sheepdog [1] 41/13
short [1] 30/17
should [28] 16/16 16/19
19/19 26/24 27/5 27/9
27/9 27/12 27/24 28/21
28/22 28/23 28/23 30/17
30/22 31/5 32/6 32/9
32/10 33/7 33/8 33/10
33/11 33/24 34/4 38/7
48/25 49/20
shouldn't [2] 32/12 32/13
SIDLEY [1] 12/17
significant [1] 52/16
silent [1] 47/13

similar [1] 26/23
simply [3] 28/6 49/22
55/2
since [2] 30/16 55/21
single [2] 53/6 53/6
sit [4] 33/24 34/4 38/18
39/20
six [1] 43/16
slim [1] 56/21
SMARTY [2] 10/3 13/14
SMITH [3] 12/2 13/8
13/21
so [55] 16/20 17/14 18/19
18/22 19/20 21/5 21/14
22/25 23/2 24/23 25/17
25/20 26/10 26/18 28/2
28/19 28/21 30/6 30/12
30/17 31/4 32/10 33/19
33/25 34/18 35/11 35/20
35/21 35/23 37/3 38/15
39/5 39/24 40/2 40/20
42/19 43/23 44/4 44/9
44/13 44/24 45/23 47/24
48/6 48/17 48/19 50/1
51/5 52/9 52/25 53/18
54/10 54/16 56/2 56/21
SOLUTIONS [1] 4/12
some [31] 17/14 18/1
18/4 20/10 20/15 21/20
23/18 26/18 27/20 27/24
27/25 28/6 28/16 28/19
30/18 31/4 31/19 31/22
32/11 33/14 34/8 36/21
37/7 39/14 39/16 44/7
44/10 47/6 54/2 54/7 55/3
somebody [2] 45/22 54/9
someone [1] 37/11
something [8] 23/17 28/1
35/17 44/11 44/21 46/20
49/20 56/18
Sometimes [1] 43/8
soon [1] 55/10
sorry [1] 55/9
sort [4] 18/4 29/7 32/18
34/8
sources [1] 53/2
South [2] 11/3 12/12
SPAHR [1] 12/20
SPAK [1] 11/17
spam [1] 54/7
speak [2] 21/12 34/20
specifically [2] 52/20
53/21
Speedwell [1] 13/3
spend [1] 39/20
spending [2] 20/13 29/6
spinning [1] 34/15
spoken [1] 27/20
SPY [2] 10/17 13/20
Square [3] 11/24 13/13
14/6
stage [1] 17/1
standard [17] 20/22
20/25 21/3 36/11 37/12
37/12 37/17 37/23 43/22
43/25 45/18 45/19 45/20
46/2 49/16 50/13 51/12

standards [1] 25/14
standing [2] 17/20 24/9
standpoint [1] 37/14
start [4] 16/20 28/10 36/2
37/10
state [7] 17/11 17/21
17/22 20/23 24/14 37/15
52/5
STATES [3] 1/1 1/21
16/2
status [2] 1/5 55/5
statute [12] 16/13 17/19
18/14 20/24 34/14 35/5
36/6 42/8 42/9 42/14
48/14 49/8
stay [11] 18/15 19/3
25/12 30/12 32/7 32/7
33/9 40/11 42/20 42/24
50/9
stayed [1] 42/15
staying [1] 40/7
stenography [1] 1/23
step [2] 36/1 40/3
STEPHEN [1] 13/21
steps [1] 16/16
STICHEL [1] 12/5
still [3] 24/2 35/15 50/9
STINSON [1] 14/11
STIO [12] 11/8 15/4
16/20 26/5 27/18 29/14
34/20 39/13 45/11 50/6
52/19 53/18
Street [1] 11/3 11/17
11/24 12/12 12/21 12/24
13/19 14/3 14/6 14/12
14/15
Streets [1] 1/17
strict [1] 38/5
studied [1] 45/24
subject [9] 16/23 22/2
32/19 34/21 36/21 36/23
36/24 47/13 54/21
successful [1] 35/14
SUDHIR [1] 12/23
sue [1] 51/12
suggest [2] 30/18 30/21
suggested [1] 27/1
suggesting [1] 31/5
suggestion [1] 27/18
Suite [16] 11/6 11/9
11/20 12/3 12/6 12/12
12/15 12/24 13/6 13/9
13/16 13/19 13/22 14/3
14/6 14/12
summary [3] 48/18 49/8
49/13
support [2] 30/25 48/7
supposed [2] 42/2 49/2
supposedly [1] 47/19
Supreme [1] 22/7
sure [11] 17/6 18/7 18/24
24/22 25/6 27/14 30/3
31/10 38/21 55/18 56/8
SYNAPTIX [2] 7/3 13/23
SYSTEMS [3] 3/3 10/8
13/10
SZYBA [3] 11/13 15/8

56/8

**T**

table [1] 37/3
take [16] 19/16 29/8
29/12 30/20 31/25 32/11
33/12 33/16 33/23 37/9
38/11 40/3 41/22 41/25
42/5 54/23
taken [1] 47/20
takes [8] 19/7 31/6 31/8
31/20 32/5 33/8 34/6
35/21
taking [1] 46/4
talk [3] 19/3 23/22 54/11
talked [1] 49/24
talking [9] 18/12 28/20
30/2 36/4 36/16 36/17
51/23 51/23 54/6
talks [1] 52/22
task [2] 52/23 52/25
technical [3] 28/7 28/7
47/24
TECHNOLOGIES [1]
4/21
TECHNOLOGY [1] 7/3
tell [2] 26/16 27/24
tells [1] 43/23
ten [2] 26/9 51/18
terms [5] 22/7 23/8 23/10
23/22 41/11
terrific [1] 29/24
territorial [1] 24/11
Thank [14] 24/22 34/22
34/23 43/15 45/6 45/7
47/14 50/4 50/5 52/8
54/25 56/23 57/1 57/2
them [28] 17/5 20/10
21/7 22/11 22/12 23/18
24/3 26/21 27/13 29/5
30/17 33/22 33/23 34/2
36/3 38/11 38/16 39/11
41/3 42/11 46/21 46/22
51/12 52/21 52/25 55/22
55/23 56/18
themselves [1] 55/22
these [27] 18/1 20/5
20/10 20/15 22/8 26/2
26/4 26/22 26/25 27/12
27/20 30/16 30/22 35/10
36/12 37/6 38/9 43/25
48/2 48/3 48/4 50/2 52/10
53/4 55/16 55/20 55/21
They'd [1] 29/20
they'll [1] 47/7
they're [14] 18/10 20/20
20/20 26/8 28/3 32/24
34/11 38/19 39/16 46/5
51/4 51/4 51/5 55/4
they've [9] 22/8 26/3
26/16 30/15 31/9 31/10
55/16 55/16 55/20
thing [6] 19/20 27/6
27/10 29/7 36/23 54/1
things [6] 25/14 27/20
28/19 31/21 37/6 54/2
think [68]

**T**

**thinking [6]** 29/2 30/6 30/15 36/19 38/22 55/20
**Third [18]** 19/8 20/12 20/16 20/19 21/1 21/2 30/9 30/18 31/9 31/20 35/4 35/14 37/13 37/19 40/12 46/9 46/9 51/12
**this [47]** 18/1 19/7 19/13 19/20 19/25 21/2 21/6 21/14 22/6 23/4 23/7 23/17 24/5 24/11 25/18 25/20 26/20 27/10 28/9 29/25 30/11 31/22 34/1 35/2 36/12 36/20 38/22 39/5 41/4 41/19 43/17 45/9 46/4 46/7 46/19 46/22 47/5 47/12 47/23 48/1 49/6 49/24 50/10 51/6 51/15 54/23 55/1
**THOMAS [1]** 11/23
**THOMSON [2]** 5/12 12/22
**though [1]** 16/14
**thought [5]** 42/3 42/6 42/7 56/10 56/22
**thousands [1]** 53/13
**threats [1]** 52/16
**three [12]** 14/6 22/19 22/22 23/19 24/7 24/10 24/15 39/3 39/6 40/21 56/14 56/19
**through [10]** 20/5 20/25 25/15 26/17 28/1 38/22 48/8 48/23 54/6 54/14
**throw [2]** 19/22 21/5
**thrust [1]** 28/9
**tight [1]** 34/4
**time [26]** 20/13 22/2 26/24 28/5 29/12 30/11 30/18 30/19 30/24 32/6 32/25 33/11 33/24 34/12 35/21 36/7 39/7 39/10 40/25 41/4 44/7 46/11 47/1 56/4 56/11 56/15
**Times [1]** 13/13
**timing [2]** 25/9 30/8
**TIMOTHY [1]** 13/18
**today [1]** 56/24
**together [7]** 26/2 30/2 34/3 39/13 41/6 41/10 56/17
**told [5]** 21/7 21/7 26/3 27/19 28/24
**too [3]** 22/6 32/20 34/21
**top [1]** 29/17
**topics [4]** 25/5 26/4 26/25 27/12
**touch [2]** 25/4 43/19
**Transcriber [1]** 57/12
**transcript [2]** 1/23 57/7
**transcription [1]** 1/24
**TRANSUNION [2]** 5/17 12/13
**TRAURIG [1]** 12/14
**trial [2]** 36/13 46/13
**TROUTMAN [1]** 11/8

**true [2]** 27/7 46/18
**try [5]** 29/6 30/9 31/11 41/14 53/24
**trying [7]** 23/13 30/8 35/15 39/12 39/13 41/16 41/16
**Tuesday [1]** 1/18
**turn [2]** 34/18 39/17
**turns [1]** 47/6
**TWILIO [1]** 2/12
**two [18]** 17/7 22/19 23/19 24/10 27/17 30/22 32/23 50/13 50/14 50/22 50/25 51/1 51/1 51/2 51/19 51/24 52/15 53/12
**TYLER [1]** 12/17
**type [4]** 20/1 47/8 47/9 56/16
**types [1]** 17/3
**typically [2]** 19/7 20/6

**U**

**U.S [1]** 1/17
**U.S.C [1]** 16/13
**Uh [1]** 17/13
**Uh-huh [1]** 17/13
**ultimate [1]** 34/3
**ultimately [1]** 25/8
**unacceptable [1]** 48/12
**unaffordable [1]** 48/24
**unconstitutional [2]** 34/14 36/6
**under [13]** 16/12 18/12 32/24 37/11 37/12 37/12 37/19 40/5 45/20 50/14 50/23 51/22 54/23
**undercover [1]** 52/23
**understand [13]** 19/15 23/13 27/21 28/9 38/11 38/20 41/17 41/20 45/1 49/3 51/3 53/14 54/18
**understanding [2]** 40/15 51/16
**Understood [4]** 18/25 42/18 42/21 43/11
**unfair [1]** 34/24
**unfettered [1]** 18/19
**unfortunately [1]** 18/3
**Union [1]** 13/16
**UNITED [3]** 1/1 1/21 16/2
**unless [2]** 41/8 45/22
**unreasonable [1]** 55/24
**until [6]** 30/3 32/7 33/9 34/25 40/11 41/19
**up [9]** 26/5 26/6 27/23 29/5 39/14 44/21 44/22 47/8 55/17
**us [20]** 9/25 11/22 26/4 26/5 26/8 26/16 26/17 27/19 27/24 28/24 29/16 30/6 33/21 34/18 39/11 42/23 53/21 54/3 54/13 56/7
**USA [1]** 12/19
**use [5]** 23/8 23/9 23/10 35/7 42/14

**used [1]** 50/12
**uses [1]** 42/14
**usually [1]** 21/25

**V**

**VALUE [1]** 8/17
**various [2]** 25/14 26/6
**venue [5]** 17/8 23/23 27/11 35/10 36/17
**versus [1]** 39/6
**very [8]** 25/10 25/17 25/24 25/24 27/20 56/14 56/23 57/1
**vice [1]** 12/5
**video [1]** 41/13
**view [1]** 33/8
**viewable [1]** 21/17
**Violet [1]** 11/11
**vs [49]** 1/4 1/9 1/13 2/2 2/7 2/11 2/16 2/20 3/2 3/7 3/11 3/16 3/20 4/2 4/7 4/11 4/16 4/20 5/2 5/7 5/11 5/16 5/20 6/2 6/7 6/11 6/16 6/21 7/2 7/7 7/12 7/16 7/21 8/2 8/7 8/11 8/16 8/20 9/2 9/7 9/11 9/15 9/19 9/24 10/2 10/7 10/12 10/16 10/21

**W**

**WADE [1]** 14/2
**wait [4]** 31/5 32/6 33/8 35/20
**waive [1]** 50/10
**waiver [1]** 42/23
**Wall [1]** 14/12
**Waller [1]** 13/9
**want [17]** 20/4 20/9 21/1 21/10 21/23 27/13 29/4 34/2 35/4 38/11 38/15 42/1 42/5 49/23 50/9 50/10 50/23
**wanted [5]** 24/19 25/4 28/14 30/1 43/19
**Washington [1]** 12/24
**wasn't [3]** 37/2 44/15 44/20
**wasted [2]** 28/5 36/7
**wasting [2]** 28/10 34/12
**way [15]** 13/6 16/19 20/11 21/6 21/14 21/22 27/14 28/2 31/9 39/6 41/8 44/21 45/3 46/10 48/20
**we'd [4]** 31/20 36/19 40/6 55/5
**we'll [14]** 16/20 24/4 24/23 28/15 29/13 30/3 33/13 33/14 33/21 40/5 41/6 41/19 44/12 54/24
**we've [24]** 21/7 35/17 46/2 54/13
**website [2]** 23/9 23/9
**websites [1]** 53/2
**week [2]** 55/11 55/15
**weeks [3]** 30/22 56/14 56/19
**weighs [1]** 35/5

**welcome [1]** 47/15
**went [3]** 46/7 54/7 54/8
**West [2]** 11/6 20/6
**whatever [3]** 35/20 40/23 53/22
**whatsoever [2]** 48/11 49/22
**wheels [3]** 34/15 34/17 34/18
**whether [8]** 19/19 22/8 29/10 31/13 33/7 33/12 33/17 34/4
**while [2]** 35/14 40/15
**White [1]** 13/9
**whole [1]** 22/6
**wholeheartedly [1]** 33/20
**wholly [1]** 48/12
**whom [1]** 12/11
**why [3]** 28/25 30/1 53/24
**Wild [2]** 20/6 20/6
**will [18]** 16/18 21/14 29/15 29/15 33/14 34/14 35/1 35/11 35/12 36/2 36/12 39/4 40/18 41/7 44/5 44/6 50/1 56/15
**wish [1]** 47/12
**wishes [1]** 34/20 54/21
**within [1]** 54/9
**without [4]** 23/11 37/2 42/23 46/24
**won't [2]** 26/15 50/2
**WOOD [1]** 13/8
**word [3]** 37/8 42/14 42/14
**words [3]** 30/24 42/11 45/19
**work [4]** 32/2 41/6 49/2 53/24
**worked [1]** 25/23
**working [1]** 41/2
**worried [2]** 53/10 53/12
**worthwhile [1]** 36/9
**wouldn't [4]** 21/18 34/12 48/17 49/7

**Y**

**YARDI [1]** 3/3
**yeah [16]** 18/3 18/13 19/22 22/16 22/21 23/15 23/17 24/7 36/15 41/5 41/5 41/12 41/15 42/12 43/4 55/18
**year [8]** 16/5 16/9 16/15 19/10 25/2 30/16 48/21 52/3
**years [1]** 37/9
**yes [11]** 17/1 21/2 25/3 35/19 43/13 49/25 52/6 52/9 52/14 55/8 55/14
**York [10]** 11/3 11/14 11/14 12/18 12/18 13/9 13/13 13/13 14/12 14/12
**you [100]**
**you've [4]** 16/22 25/16 41/15 55/22
**young [1]** 52/24

**Z**

**zero [2]** 26/8 26/10
**ZILLOW [2]** 5/3 12/13
**ZWILLGEN [1]** 12/23