Robert T. Szyba
SEYFARTH SHAW LLP
620 Eighth Avenue, 32nd Floor
New York, New York 10018
(212) 218-5500

*Attorneys for Defendants Infomatics, LLC,*
*The People Searchers, LLC, and We Inform, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>WE INFORM, LLC, et al.,<br>          Defendants. | Civil Action No.: 1:24-cv-04037-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>INFOMATICS, LLC, et al.<br>          Defendants. | Civil Action No.: 2:24-cv-04041-HB |
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>          Plaintiffs,<br><br>     v.<br><br>THE PEOPLE SEARCHERS, LLC, et al.,<br>          Defendants. | Civil Action No.: 2:24-cv-04045-HB |

## <u>DECLARATION OF ROBERT T. SZYBA, ESQ.</u>

I, ROBERT T. SZYBA, hereby declare under penalty of perjury as follows:

1.     I am a member of the bar of this Court and a Partner with the law firm

of Seyfarth Shaw LLP, attorneys for the Defendants We Inform, LLC

("We Inform"), Infomatics, LLC ("Infomatics"), and The People Searchers, LLC ("People Searchers") (collectively, "Defendants") in the above-captioned action. I submit this Declaration in connection with Defendants' opposition to Plaintiffs' motion to compel personal jurisdiction discovery.

2.     I know the facts testified to in this Declaration to be true based upon my own personal knowledge, information provided to me, and a review of the documents.

3.     Attached hereto as **Exhibit 1** is a true and correct copy of the Declaration of Kwan Woo Park, which was filed as ECF No. 46-2 in *Atlas Data Privacy Corporation, et al. v. Infomatics, LLC, et al.*, No. 24-cv-04041-HB.

4.     Attached hereto as **Exhibit 2** is a true and correct copy of the Declaration of Mark Chin, which was filed as ECF No. 44-2 in *Atlas Data Privacy Corporation, et al. v. The People Searchers, LLC, et al.*, No. 24-cv-04045-HB.

5.     Attached hereto as **Exhibit 3** is a true and correct copy of the Declaration of Mark Chin, which was filed as ECF No. 45-2 in *Atlas Data Privacy Corporation, et al. v. We Inform, LLC, et al.*, No. 24-cv-04037-HB.

6.     Attached hereto as **Exhibit 4** is a true and correct copy of the plaintiff's supplemental brief in *Thomas v. Papa Johns, Int'l*, Case No. 24-3557 (9th Cir.).

2

7.  On June 9, 2025, I, along with counsel for several other defendants in separate lawsuits, attended a meet and confer call with Plaintiffs' counsel, including, among others, Ryan McGee, Esq., on June 9, 2025.

8.  Additionally, on June 13, 2025, I met with Plaintiffs' counsel, Ryan McGee, Esq. telephonically to confer specifically regarding the discovery responses of We Inform, Infomatics, and People Searchers.

Dated:      July 14, 2025

*/s/ Robert T. Szyba*
Robert T. Szyba

# EXHIBIT 1

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

ATLAS DATA PRIVACY CORPORATION, et al.,

        Plaintiffs,

    v.

INFOMATICS, LLC, et al.,

        Defendants.

Civil Action No.: 1:24-cv-04041-HB

## DECLARATION OF KWAN WOO PARK

I, Kwan Woo Park, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am over 18 years of age and make this Declaration based upon my personal knowledge of the facts set forth below. If called upon to testify, I could and would testify competently as to the matters set forth herein.

2. I am the Managing Member of Infomatics, LLC ("Infomatics") and have held that position since 8/14/2020. I have been employed at Infomatics since 8/14/2020.

3. Infomatics searches public records in order to provide comprehensive reports via the Internet on millions of individuals across the country.

4. Infomatics is not organized in New Jersey. It is organized under the laws of California.

5.    Infomatics is not registered to do business in New Jersey. It is registered to do business in Oregon and California.

6.    Infomatics does not have its principal place of business in New Jersey.

7.    Infomatics does not have any offices in New Jersey.

8.    Infomatics does not have any real property in New Jersey.

9.    Infomatics does not have any employees who work in New Jersey.

10.    Infomatics does not have any employees who reside in New Jersey.

11.    Infomatics does not offer any products specifically designed for New Jersey residents.

12.    As of December 23, 2024, Infomatics has provided reports to 447,519 customers, only 6,082 of which reside in New Jersey.

13.    As of December 23, 2024, Infomatics offered the reports of 126,178,680 individuals, only 1,442,660 of which resided in New Jersey.

***

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on this 16 day of March, 2025.

Kwan Woo Park

2

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLAS DATA PRIVACY CORPORATION, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE PEOPLE SEARCHERS, LLC, et al.<br><br>Defendants. | Civil Action No.: 2:24-cv-04045-HB |

## DECLARATION OF MARK CHIN

I, Mark Chin, declare pursuant to 28 U.S.C. § 1746 as follows:

1.      I am over 18 years of age and make this Declaration based upon my personal knowledge of the facts set forth below.  If called upon to testify, I could and would testify competently as to the matters set forth herein.

2.      I am the COO of The People Searchers, LLC ("The People Searchers") and have held that  position since 6/30/2020.  I have been employed at The People Searchers since 6/30/2020.

3.      The People Searchers searches public records in order to provide comprehensive reports via the Internet on millions of individuals across the country.

4.      The People Searchers is not organized in New Jersey.  It is organized under the laws of Florida.

5.     The People Searchers is not registered to do business in New Jersey. It is registered to do business in Florida and Oregon.

6.     The People Searchers does not have its principal place of business in New Jersey.

7.     The People Searchers does not have any offices in New Jersey.

8.     The People Searchers does not have any real property in New Jersey.

9.     The People Searchers does not have any employees who work in New Jersey.

10.     The People Searchers does not have any employees who reside in New Jersey.

11.     The People Searchers does not offer any products specifically designed for New Jersey residents.

12.     As of December 23, 2024, The People Searchers has provided reports to 332,271 customers, only 3,958 of which reside in New Jersey.

13.     As of December 23, 2024, The People Searchers offered the reports of 60,222,137 individuals, only 789,361 of which resided in New Jersey.

***

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on this 14 day of March, 2025.

Mark Chin

2

# EXHIBIT 3

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ATLAS DATA PRIVACY CORPORATION, et al.,

                Plaintiffs,

    v.

WE INFORM, LLC, et al.,

                Defendants.

Civil Action No.: 2:24-cv-04037-HB

## <u>DECLARATION OF MARK CHIN</u>

I, Mark Chin,  declare pursuant to 28 U.S.C. § 1746 as follows:

1.    I am over 18 years of age and make this Declaration based upon my personal knowledge of the facts set forth below.  If called upon to testify, I could and would testify competently as to the matters set forth herein.

2.    I am the Managing Member of We Inform, LLC ("We Inform") and have held that  position since 6/12/2020.  I have been employed at We Inform since 6/12/2020.

3.    We Inform searches public records in order to provide comprehensive reports via the Internet on millions of individuals across the country.

4.    We Inform is not organized in New Jersey.  It is organized under the laws of Florida.

5.     We Inform is not registered to do business in New Jersey. It is registered to do business in Florida and Oregon.

6.     We Inform does not have its principal place of business in New Jersey.

7.     We Inform does not have any offices in New Jersey.

8.     We Inform does not have any real property in New Jersey.

9.     We Inform does not have any employees who work in New Jersey.

10.     We Inform does not have any employees who reside in New Jersey.

11.     We Inform does not offer any products specifically designed for New Jersey residents.

12.     As of December 23, 2024, We Inform has provided reports to 23,286 customers, only 302 of which reside in New Jersey.

13.     As of December 23, 2024, We Inform offered the reports of 42,065,494 individuals, only 305,193 of which resided in New Jersey.

***

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on this 14 day of March, 2025.

_____

Mark Chin

316696043v.1

# EXHIBIT 4

Nos. 24-3557 / 24-3834

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

DACIA THOMAS, individually and on behalf of all others similarly situated,

*Plaintiff-Appellant / Cross-Appellee*,

v.

PAPA JOHN'S INTERNATIONAL, INC.,

*Defendant-Appellee / Cross Appellant.*

---

Cross-Appeals from Orders of the
United States District Court for the Southern District of California
Case No. 3:23-cv-02012, Hon. Dana M. Sabraw

---

## APPELLANT'S SUPPLEMENTAL BRIEF

---

James J. Pizzirusso
Steven M. Nathan
HAUSFELD LLP
888 16th Street N.W., Ste. 300
Washington, DC 20006

Arthur M. Murray
Thomas M. Beh
THE MURRAY LAW FIRM
701 Poydras Street, Ste. 4250
New Orleans, LA 70139

Jamisen A. Etzel
LYNCH CARPENTER, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222

*Attorneys for Appellant Dacia Thomas*

# TABLE OF CONTENTS

**Cases**                                                                **Pages**

INTRODUCTION...................................................................................1

ARGUMENT ......................................................................................3

I.  The *Briskin* decision rejected all of Papa John's primary
    arguments against personal jurisdiction.......................................3

    A.  The *Briskin* Court disavowed the "forum-specific focus"
        and "differential targeting" requirements. ...............................4

        1.  Papa John's arguments rely heavily on the
            now-overruled *AMA Multimedia* opinion..........................6

    B.  The *Briskin* Court distinguished *Walden v. Fiore.*...................7

        1.  Papa John's makes the same flawed arguments
            about *Walden.* .......................................................8

II. The facts here support jurisdiction under either the
    purposeful direction framework used in *Briskin,* or the
    purposeful availment approach. ................................................9

# TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*AMA Multimedia, LLC v. Wanat,*
   970 F.3d 1201 (9th Cir. 2020) ............................................................. 4, 7

*Briskin v. Shopify, Inc.,*
   --- F.4th ---, 2025 WL 1154075 (9th Cir. April 21, 2025) ............ passim

*Calder v. Jones,*
   465 U.S. 783 (1984) .................................................................................. 4

*Davis v. Cranfield Aerospace Sols., Ltd.,*
   71 F.4th 1154 (9th Cir. 2023) ............................................................... 10

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.,*
   592 U.S. 351 (2021) .............................................................................. 5, 8

*Hasson v. FullStory, Inc.,*
   114 F.4th 181 (3d Cir. 2024) ............................................................... 6, 7

*Mavrix Photo, Inc. v. Brand Techs., Inc.,*
   647 F.3d 1218 (9th Cir. 2011) ........................................................... 5, 10

*Walden v. Fiore,*
   571 U.S. 277 (2014) ......................................................................... 7, 8, 9

*Will Co., Ltd. v. Lee,*
   47 F.4th 917 (9th Cir. 2022) .................................................................. 6

## INTRODUCTION

This Court's decision in *Briskin v. Shopify, Inc.*, --- F.4th ---, 2025 WL 1154075 (9th Cir. April 21, 2025) (en banc) is controlling and confirms the correctness of the district court's conclusion that California courts may exercise specific personal jurisdiction over Defendant-Appellee/Cross Appellant Papa John's International, Inc. for claims about Papa John's alleged wiretapping within California.

Papa John's purposefully availed itself of the California market in myriad ways *and* purposefully directed electronic activity into California, including by sending Session Replay Code onto the browser of Plaintiff-Appellant/Cross Appellee Dacia Thomas, a forum resident who was wiretapped while ordering food from Papa John's in California. The anti-wiretapping and invasion of privacy claims Thomas alleged in this action arise directly from and relate to these contacts that Papa John's voluntarily formed within California. The district court's conclusion that it had jurisdiction over Papa John's was therefore appropriate.

The *Briskin* decision conclusively refutes Papa John's arguments against specific jurisdiction in this case. Like the *Briskin* defendant,

Papa John's argues that it did not "expressly aim" its conduct at California because it engages in similar activity on a nationwide scale and does not have a California-specific focus, but *Briskin* held that there is no such "forum-specific focus" or "differential targeting" requirement, and overruled all prior Ninth Circuit cases to the contrary. *Id.* at *12–13. *Briskin* also held that internet-based contacts between forum residents and a defendant that voluntarily does business on a national scale and invites those contacts should be treated as acts of purposeful availment/direction *on the part of the defendant*, rather than "happenstance" or unilateral acts by consumers. *Id.* at *11–14.

The jurisdictional facts here are closely analogous to those in *Briskin*, with the caveat that there is even *more* evidence here of purposeful availment/direction as to California, because Papa John's operates at least 130 restaurants in the state and also uses its website to make *direct* sales to consumers in California. ER-53–54, ER-61–63. To the extent there are any relevant factual differences, those differences point to an even stronger case for specific personal jurisdiction than *Briskin*.

2

In sum, due to the tight overlap of the facts and legal issues, *Briskin* directly controls the outcome here and leaves Papa John's with no valid grounds for reversal on the personal jurisdiction issue.

## ARGUMENT

### I.   The *Briskin* decision rejected all of Papa John's primary arguments against personal jurisdiction.

The relevant jurisdictional facts in *Briskin* have close parallels to those here. The *Briskin* plaintiff alleged that when he visited an athletic wear merchant's web page, defendant Shopify sent JavaScript code to a Safari browser on his iPhone, but the payment and check-out forms appeared to be generated by the merchant, and Shopify was not identified. *Id.* at *3–4. The plaintiff alleged that Shopify's use of tracking cookies on his device to surreptitiously collect his information while shopping on another company's website invaded his privacy in violation of California laws. *Id.* at *5.[1]

The en banc Court approached the personal jurisdiction question by using the Court's "purposeful direction" framework, which is derived

---

[1] This fact pattern is analogous to Thomas's allegations that Papa John's website sent Session Replay Code to Thomas's browser, allowing third parties such as Fullstory, Inc. to intercept her electronic communications with Papa John's without her consent. *E.g.*, ER-52.

3

from the "effects test" of *Calder v. Jones*, 465 U.S. 783 (1984). *Briskin*,
2025 WL 1154075, at *6–7 ("[T]he purposeful direction test requires
that the defendant (1) commit an intentional act, that is (2) expressly
aimed at the forum state, and (3) which causes harm that the defendant
knows will be suffered in the forum state.").

The Court held that the "express aiming" prong was met: "[A]n
interactive platform 'expressly aims' its wrongful conduct toward a
forum state when its contacts are its 'own choice and not random,
isolated, or fortuitous' … even if that platform cultivates a nationwide
audience for commercial gain." 2025 WL 1154075, at *13 (cleaned up).

### A. The *Briskin* Court disavowed the "forum-specific focus" and "differential targeting" requirements.

Shopify argued that it did not expressly aim its conduct at
California because it "operates nationwide and thus is agnostic as to the
location in which it data-mines the consumers' personal identifying
information." *Briskin*, 2025 WL 1154075, at *12. According to Shopify,
this Court's decision in *AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201
(9th Cir. 2020) required plaintiffs to establish the "defendant has a
forum-specific focus" to satisfy the "express aiming" prong of the

purposeful direction test. *Briskin*, 2025 WL 1154075, at *12 (quotation marks omitted).

An overwhelming majority of the en banc Court—ten of eleven judges—joined in rejecting Shopify's argument by expressly overruling *AMA Multimedia* and the portions of any other case holding that the "purposeful direction" standard requires the defendant have a "forum-specific focus" or engage in "differential targeting." *Briskin*, 2025 WL 1154075, at *12–13 (overruling *AMA Multimedia*); *id.* at *19 (Collins, J., concurring); *id.* at *24 (Bumatay, J., concurring).

The eight-member majority opinion explained that *AMA Multimedia* "misread" *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218 (9th Cir. 2011), because there was no support in Ninth Circuit precedents for a requirement of "some sort of differential treatment of the forum state for a finding of 'express aiming,'" and such a requirement would run contrary to Supreme Court precedents involving defendants with national footprints, including *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351 (2021). *Briskin*, 2025 WL 1154075, at*13. "Moreover, requiring differential targeting would have the perverse effect of allowing a corporation to direct its activities toward

5

all 50 states yet to escape specific personal jurisdiction in each of those
states for claims arising from or relating to their relevant contacts in
the forum state that injure that state's residents." *Id.*

### 1. Papa John's arguments rely heavily on the now-overruled *AMA Multimedia* opinion.

The district court's opinion accurately presaged the outcome in
*Briskin*: "[Papa John's] attempt to paint its website as an either-or
proposition, i.e., as either a nationally accessible website or a
California-based website, is unconvincing. [Papa John's] website can be
both nationally accessible and create contacts with California, just like
the defendant's activities in *Ford*." ER-47.

Papa John's assigns error to the district court's failure to apply
the "forum-specific focus" or "differential targeting rule," arguing
specifically that *AMA Multimedia* should "control" the outcome on the
basis of that rule. Second Br. at 32–34.[2] Relying on *AMA Multimedia*
and the Third Circuit's opinion in *Hasson v. FullStory, Inc.*, 114 F.4th
181 (3d Cir. 2024), Papa John's argues that Thomas needed to

---

[2] Papa John's also invokes *Will Co., Ltd. v. Lee*, 47 F.4th 917 (9th Cir.
2022), but the *Briskin* court also overruled any portion of that opinion
"[t]o the extent that [it] … repeated *AMA*'s requirement of showing a
'forum-specific focus.'" *Briskin*, 2025 WL 1154075, at *12 n.15.

6

demonstrate "prioritization of the forum" or that its website operates "differently in California than in other jurisdictions." Second Br. at 33.

*Briskin* repudiates these arguments because it overruled *AMA Multimedia* precisely to clarify that "purposeful direction" does not mean a defendant must act uniquely or differentially in a forum, provided that it is acting intentionally when it forms contacts in the forum. *See Briskin*, 2025 WL 1154075, at *12–13. The Third Circuit's opinion in *Hasson* relied on *AMA Multimedia* to make the same erroneous application of a "forum-specific focus" rule:

> [Plaintiff] neither alleged that Papa Johns' website advertises a product or service bearing any special significance to Pennsylvania, nor that it features Pennsylvania-centric content. Indeed, pizza has national appeal. So Papa Johns did not expressly aim its Session Replay Code at Pennsylvania by operating a website that was accessible in the forum.

*Hasson*, 114 F.4th at 190–91 (citing *AMA*, 970 F.3d at 1210). Because the *Hasson* court's "forum-specific focus" rule is the exact same one rejected by *Briskin*, the Court here must split from *Hasson*'s reasoning.

## B. The *Briskin* Court distinguished *Walden v. Fiore*.

The *Briskin* defendant argued that *Walden v. Fiore*, 571 U.S. 277 (2014) stands for the proposition that internet-based contacts between a forum resident and a nationally operating defendant are not relevant to

7

the personal jurisdiction analysis because "the plaintiff cannot be the only link between the defendant and the forum." *Briskin*, 2025 WL 1154075, at *13 (quoting *Walden*, 571 U.S. at 285).

The en banc Court in *Briskin* properly labeled that argument an overreading of *Walden*, because in *Walden* the defendant had no contacts with the forum at all. *See Briskin*, 2025 WL 1154075, at *13–14. *Briskin* points out that unlike in *Walden*, Shopify knew about its users in the forum,[3] conducted regular business there, contacted forum residents, transmitted tracking software onto their devices, and used the data it obtained for commercial purposes. *See id.* This connected Shopify to the forum "in a meaningful way," *id.* at *13 (quoting *Walden*, 571 U.S. at 290), and represented a deliberate effort to "reach[] out beyond its home state … in a manner that was neither 'random, isolated, [n]or fortuitous.'" *Id.* (quoting *Ford Motor Co.*, 592 U.S. at 359).

### 1. Papa John's makes the same flawed arguments about *Walden*.

The district court properly distinguished *Walden* for the same

---

[3] Papa John's knew Thomas was in California in a similar way: its website and the Session Replay Code geolocated her by using her IP address and device data as soon as she started her visits. *Compare* ER-20 ¶¶ 10–11, *with Briskin*, 2025 WL 1154075, at *11 n.13.

reasons given by the *Briskin* court. ER-48 ("In that case, 'no part of [the defendant's] course of conduct occurred' in the forum state.") (quoting *Walden*, 571 U.S. at 288); ER-48 ("That is not the case here. Unlike the defendant in *Walden*, [Papa John's] makes its website accessible to and usable by California residents. It also 'has in excess of 130 stores in California.'") (quoting ER-54 (First Am. Compl. ¶ 10)).

Papa John's argues that the district court erred by distinguishing *Walden*. *See* Second Br. at 34 n.4; Third Br. at 14–15, 15 n.4 (arguing *AMA Multimedia* held that *Walden* prohibits courts from finding personal jurisdiction based on a plaintiff's use of a defendant's website); *id.* at 22 (arguing that under *Walden*, a plaintiff's use of a defendant's website must be considered a "unilateral" decision by the plaintiff, and not one of the defendant's relevant contacts with the forum).

As shown above, *Briskin* rejected these exact arguments.

## II. The facts here support jurisdiction under either the purposeful direction framework used in *Briskin*, or the purposeful availment approach.

The *Briskin* court reiterated that "the first prong of the personal jurisdiction test 'may be satisfied by purposeful availment, by purposeful direction, or by some combination thereof.'" *Briskin*, 2025

WL 1154075, at *7 (quoting *Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1162 (9th Cir. 2023)). This Court could follow *Briskin* and hold that Papa John's purposefully directed its activities to California, but there is another alternative. The Court can find the purposeful availment prong is satisfied not only through Papa John's transmission of Session Replay Code onto Californians' browsers, but also by Papa John's operation of 130 pizzerias in the state and its use of the website to directly take orders for fulfillment at all of those restaurants. ER-54. These are strong facts showing purposeful availment that were not present in *Briskin*, making the case for affirmance even easier here.[4]

Either way, the critical point from *Briskin* is that "corporations whose websites exploit a national market cannot defeat jurisdiction in states where those websites generate substantial profits from local consumers." *Briskin*, 2025 WL 1154075, at *12 (quoting *Mavrix*, 647 F.3d at 1223). Papa John's likewise used its website to generate substantial sales in California, so personal jurisdiction is proper here.

---

[4] Thomas's brief argued for affirmance under either purposeful availment or purposeful direction. *See* Third Br. at 3–8. Thomas's argument that her claims arise out of or relate to Papa John's contacts with California, *id.* at 9–17, is also confirmed by the portion of *Briskin* about that prong. *See* 2025 WL 1154075, at *14.

Dated: May 6, 2025        Respectfully submitted,

By:   /s/ *Jamisen A. Etzel*
       Jamisen A. Etzel
       LYNCH CARPENTER, LLP
       1133 Penn Avenue, 5th Floor
       Pittsburgh, PA 15222
       (412) 322-9243
       jamisen@lcllp.com

       James J. Pizzirusso
       Steven M. Nathan
       HAUSFELD LLP
       888 16th Street N.W., Ste. 300
       Washington, DC 20006
       (202) 540-7200
       jpizzirusso@hausfeld.com
       snathan@hausfeld.com

       Thomas M. Beh
       THE MURRAY LAW FIRM
       701 Poydras Street, Ste. 4250
       New Orleans, LA 70139
       T: (504) 525-8110
       F: (504) 584-5249
       tbeh@murray-lawfirm.com

       *Attorneys for Appellant*

# <u>Certificate of Compliance</u>

I certify that this supplemental brief complies with the ten-page limit of the Court's order of April 22, 2025, which requested the parties' supplemental briefs. This brief is ten pages long, excluding the items exempted by Fed. R. App. P. 32(f). The brief's paper size, line spacing, margins, type size, typeface, and type style comply with Fed. R. App. P. 32(a)(4), (5), and (6), and the brief uses a proportional typeface (Century Schoolbook) in 14-point font.

Dated: May 7, 2025          Respectfully submitted,

By:   <u>/s/   *Jamisen A. Etzel*      </u>

Jamisen A. Etzel
LYNCH CARPENTER, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
(412) 322-9243

*Attorney for Appellant*

12