PEM LAW LLP

**Rajiv D. Parikh, Esq.**
**Partner**
rparikh@pemlawfirm.com
*Office:* +1 973.577.5500
*Direct:* +1 973.585.5330

November 10, 2026

**VIA CM/ECF**
Hon. Harvey Bartle, III, U.S.D.J.
United States District Court for the
District of New Jersey (by designation)
c/o United States District Court for
the Eastern District of Pennsylvania
16614 U.S. Courthouse
601 Market Street
Philadelphia, Pennsylvania 19106

**Re:** **In re Daniel's Law Compliance Litigation**
**Civil Action Nos.** **24-4037 (We Inform, LLC)**
**24-4041 (Infomatics LLC)**
**24-4045 (The People Searchers, LLC)**
**24-4075 (DM Group, Inc.)**
**24-4080 (Deluxe Corp., et al.)**
**24-4098 (Quantarium Alliance, LLC)**
**24-4103 (Yardi Systems, Inc.)**
**24-4174 (Labels & Lists, Inc.)**
**24-4176 (Innovis Data Solutions, Inc.)**
**24-4178 (Accurate Append, Inc.)**
**24-4261 (Equimine, Inc.)**
**24-4269 (Thomson Reuters Corp., et al.)**
**24-4292 (Melissa Data Corp.)**
**24-4324 (Restoration of America)**
**24-4345 (i360, LLC)**
**24-4383 (AccuZIP, Inc.)**
**24-4385 (Synaptix Technology, LLC)**
**24-4389 (Joy Rockwell Enterprises, Inc.)**
**24-5658 (Searchbug, Inc.)**
**24-7324 (US Data Corp.)**
**24-8075 (Smarty, LLC)**
**24-8451 (Compact Information Systems, LLC)**
**24-10600 (DarkOwl, LLC)**
**24-11023 (Spy Dialer, Inc.)**
**25-1535 (Innovative Web Solutions, LLC)**
**25-5989 (PublicNSA, LLC)**
**25-6863 (REDX LLC)**
**25-9224 (FreedomSoft303, LLC)**

6084311.1

**25-9963 (Sterling Data Company LLC)**
**25-12137 (AGR Marketing Solutions, LLC)**

Dear Judge Bartle:

Plaintiffs respectfully request an order enforcing the Court's September 9, 2026 Discovery Order (the "Order") or an expedited conference[1]. By the November 3, 2026 deadline for production of documents and written responses, Plaintiffs produced a total of almost 12 million pages of documents to the Defendants, with a range of between approximately 120,000 to almost 600,000 pages of records in unique productions for each matter. In addition, Plaintiffs provided written responses to each of the dozens of sets of interrogatories and requests for production of documents propounded by defendants. Simply stated, Plaintiffs approached the Court's directives and deadlines seriously and spent significant time and effort ensuring that they complied with those requirements.

Defendants, for the most part, did not. Despite the November 3, 2026 deadline[2], the vast majority of Defendants have engaged in the very gamesmanship the Court admonished the parties to avoid. In addition to the failure of certain Defendants to respond at all, the deficiencies described below will derail the Court's discovery schedule and prejudice Plaintiffs' efforts to move these matters forward.

The critical deficiencies that will delay discovery fall into three categories[3]: (1) the failure of two Defendants to serve any responses or to seek an extension; (2) numerical objections premised on Defendants' treatment of related components of a single request as separately countable subparts (the "subpart issue"), on which Defendants have relied to withhold answers and to decline to search for documents; and (3) the withholding or deferral of document production pending entry of an ESI protocol.

---

[1] To the extent the Court would like Plaintiffs to file an early motion regarding these matters, Plaintiffs are prepared to do so. However, to avoid the filing of dozens of motions, Plaintiffs file this letter to provide a high-level overview to the Court of foundational issues that undoubtedly will delay the Court's planned schedule for discovery.

[2] Plaintiffs waited until it received responses from Defendants that requested additional time to respond to discovery requests before filing this letter to ensure it was comprehensive with respect to the matters in which these concerns apply.

[3] There are additional deficiencies that the parties may be able to meet and confer on as contemplated by the Order including improper work-product and inspection objections, claimed technical impediments to ESI production, and two defendants named in an amended pleading who have not yet provided any substantive responses. To the extent the Court wishes to conference all of these issues, Plaintiffs will be prepared to do so.

## I. Failure to Serve Any Discovery Responses

Quantarium Alliance, LLC ("Quantarium") (24-4098) and Innovative Web Solutions, LLC ("Innovative Web Solutions") (25-1535) did not serve any interrogatory answers or responses to Plaintiffs' requests for production by the November 3, 2026 deadline. Neither sought an extension from the Court or Plaintiffs, unlike certain other Defendants that requested additional time. These are the same two defendants who disregarded the Court's prior deadlines for Rule 26 disclosures and had to be compelled to do so. Despite Quantarium and Innovative Web Solutions' failures, Plaintiffs provided them each with complete written responses and a document production of more than 300,000 pages. Because neither Defendant served timely objections, any objections should be deemed waived absent a showing of good cause. *See* Fed. R. Civ. P. 33(b)(4).

## II. Improper Numerical Objections to Plaintiffs' Discovery Requests

Nearly every Defendant that served responses asserts that Plaintiffs' requests exceed the Order's numerical limits, and many have refused to answer interrogatories, or even to search for responsive documents, on that basis. Those refusals rest on an improper application of the Order's limits. Indeed, Defendants' own Coordinated Requests use the same structure. *See* Ex. A. Under Defendants' counting method, their requests would far exceed the Order's limits.

Interrogatory No. 1 provides a concrete example. It seeks the identity of the persons involved in decisions concerning compliance with the nondisclosure requests, including persons involved in monitoring the relevant opt-out channels. Various Defendants[4] each divide that single inquiry into three interrogatories—compliance decisions, monitoring of opt-out email, and monitoring of opt-out systems or portals—and number their answers as Response Nos. 1, 2, and 3. In other words, Defendants count illustrative examples of the persons sought as separate interrogatories.

Another example is Defendants' treatment of questions about when a compliance process was "adopted, revised, and failed" as separate subparts of an interrogatory, although each concerns the operation of the same process. Similarly, We Inform, LLC ("We Inform") (24-4037), Infomatics LLC ("Infomatics") (24-4041), and The People Searchers, LLC ("The People Searchers") (24-4045) each object that Interrogatory No. 17, which asks how each suppression mechanism operates, where it is applied, and who applies it, is "compound, comprising multiple

[4] For the Court's convenience and to avoid needless duplication, Plaintiffs attach only the interrogatory answers served by AccuZIP, Inc. ("AccuZIP") (No. 24-4383). *See* Ex. D. Plaintiffs represent that the interrogatory answers served by AGR Marketing Solutions, LLC ("AGR") (No. 25-12137); DarkOwl, LLC ("DarkOwl") (No. 24-10600); Joy Rockwell Enterprises, Inc. ("Joy Rockwell") (No. 24-4389); REDX LLC ("REDX") (No. 25-6863); Searchbug, Inc. ("Searchbug") (No. 24-5658); and US Data Corp. ("US Data") (No. 24-7324) are the same as AccuZIP's answers in all material respects. Plaintiffs will promptly provide copies of those answers should the Court wish to review them.

discrete subparts." These examples illustrate the arbitrary, pick-and-choose nature of Defendants' unilateral approach.

More troubling, with limited exceptions, Defendants did not raise this issue with Plaintiffs before the November 3 response deadline,[5] choosing instead to assert numerical objections for the first time in their responses and to answer only the requests they chose to answer.

More specifically and by way of example:

- AccuZIP, AGR, DarkOwl, Joy Rockwell, REDX, Searchbug, and US Data count Plaintiffs' first 14 interrogatories as 25 and refuse to answer Nos. 15–24;
- Accurate Append (24-4178) and FreedomSoft303 (25-9224) reach the same limit at No. 22;
- Compact (24-8451) counts 25 interrogatories as approximately 79;
- Melissa (24-4292) counts them as 64 interrogatories and 119 document requests;
- i360 (24-4345) says Interrogatory Nos. 13–25 exceed the limit without explaining its count;
- Deluxe (24-4080) stands on numerical and other objections to Nos. 11–16, 23, and 25;
- Equimine (24-4261) repeatedly asserts subpart objections while providing limited answers subject to the objection;
- We Inform, Infomatics, and The People Searchers each object that Interrogatory Nos. 11 and 17 comprise "multiple discrete subparts" and answer each only by cross-reference to their document responses;
- Innovis (24-4176) renumbers 25 interrogatories as 42, refuses to answer No. 15, and reserves the position that its later answers were not required; and
- DM Group (24-4075) refuses even to search for documents responsive to all or part of Request Nos. 17 and 19–30. *See* Exs. D-L.

We Inform, Infomatics, and The People Searchers, which served their responses on November 6, 2026, go further. Each states, in response to Request for Production Nos. 12, 13, 18, 19, 26, 27, and 28 and Interrogatory No. 18, that it "will not be performing a search at this time," and We Inform takes the same position as to Interrogatory No. 21. *See* Exs. J, M. Request Nos. 26 through 28 seek the configuration of the email systems at which these Defendants received, or

---

[5] The only Defendants who raised this objection in advance of the deadline were Deluxe Corporation ("Deluxe"), Deluxe Financial Services, LLC ("DFS"), and Datamyx LLC ("Datamyx") (24-4080); DM Group, Inc. ("DM Group") (24-4075), and Innovis Data Solutions, Inc. ("Innovis") (24-4176). Counsel met and conferred on October 19 and Plaintiffs explained their position in an October 30 letter, but the parties were unable to reach resolution. A copy of the correspondence regarding this issue is enclosed as Exs. B-C.

could have received, Plaintiffs' nondisclosure requests; the records reflecting the receipt, filtering, and storage of those requests; and the retention settings and preservation instructions applied to those systems. *See* Ex. M. That information goes to the heart of how the very requests at issue were received and handled. An offer to confer at some later date does not excuse a refusal to search: an objection must state whether responsive materials are being withheld on its basis, and production of the remainder must proceed. *See* Fed. R. Civ. P. 34(b)(2)(B)–(C).

Numerous Defendants also improperly answer interrogatories by stating generally that the answers can be found in their future document productions, without identifying the documents by bates number or producing them. Accurate Append refers Plaintiffs to records "which it will produce in response to Request for Production No. 1 and will identify by Bates number when produced"; Labels & Lists and REDX refer Plaintiffs to documents produced in response to Plaintiffs' requests for production, although neither has produced any documents; and PublicNSA refers to "documents produced as XX." Rule 33 does not permit that approach. A responding party must answer each interrogatory "separately and fully in writing under oath," Fed. R. Civ. P. 33(b)(3), or, if it elects to rely on business records, must specify those records "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could," Fed. R. Civ. P. 33(d)(1). A reference to documents that have been neither produced nor identified satisfies neither requirement.

These coordinated yet disparate approaches leave each Defendant deciding for itself how much discovery to provide and which requests to respond to. But Defendants' objections are unfounded., Defendants treat related factual details necessary to answer a single interrogatory as separate interrogatories, rather than focusing on the single substantive inquiry, Defendants' own interrogatories show that they do not believe a request for the details on a single subject creates separate interrogatories. Defendants jointly served Coordinated Interrogatories on Atlas and each Individual Plaintiff that, similar to Plaintiffs' interrogatories, ask for multiple details about a single subject in one enumerated request. For example, Coordinated Interrogatory No. 2 to the Individual Plaintiffs asks them to "[i]dentify each Nondisclosure Request You sent or caused to be sent to each Defendant and state, for each Nondisclosure Request, the Entity to whom it was sent, why it was sent to such Entity, the date sent, the Person or Entity who sent it, [and] the method of transmission." *See, e.g.,* Ex. N. Similarly, Coordinated Interrogatory No. 15 to Atlas asks it to "[d]escribe the complete process by which Nondisclosure Requests were created, edited, scheduled, coordinated, and transmitted, including every Third Party, platform, automation, software, vendor, contractor, or other technology involved." *See* Ex. A. Defendants served 21 numbered interrogatories on the Individual Plaintiffs and 23 on Atlas. *See* Exs. A, N. Under Defendants' own numbering method, either of these interrogatories ***alone*** would push the sets beyond 25 interrogatories, and they are not isolated examples. Defendants cannot draft their own discovery with the very subparts they disavow, then refuse to answer Plaintiffs' similarly structured requests.

Plaintiffs therefore respectfully request that the Court strike the numerical objections in their entirety, overrule Defendants' refusals to search, and order complete responses.

## III. Document Production and the ESI Protocol

Accurate Append, AccuZIP, AGR, Compact, i360, Joy Rockwell, Labels & Lists, REDX, Searchbug, Smarty (24-8075), and US Data have not produced any documents, citing the absence of an ESI protocol.[6] PublicNSA (25-5989) has produced some documents but conditions further production on an entered protocol and agreed search terms. *See* Ex. O. DarkOwl invokes the unfinished protocol despite making a partial production; Melissa defers production on multiple requests until a protocol is agreed. Plaintiffs circulated a proposed ESI protocol to lead defense counsel on September 21, 2026, for distribution to all Defendants—more than six weeks before the November 3 response deadline. Protocol negotiations should not suspend the Court's schedule, particularly for materials whose collection does not depend on search terms.

Even where Defendants have engaged on the protocol, they have not done so in a coordinated manner. On October 28, 2026, counsel for Thomson Reuters Corporation ("Thomson Reuters") (24-4269) advised that the Thomson Reuters defendants do not agree to Plaintiffs' proposed protocol. Thomson Reuters instead proposed a version of this District's exemplar ESI protocol. Absent a single, coordinated proposal from Defendants, Plaintiffs face the prospect of negotiating competing protocols defendant by defendant, further delaying production.

Plaintiffs respectfully request that the Court direct that production proceed immediately in the form Rule 34 prescribes, direct Defendants to coordinate and provide one competing proposed ESI protocol to Plaintiffs within seven (7) days, with any remaining disputes submitted to the Court for resolution, and set a firm deadline for the substantial completion of document and ESI production.

## IV. Conclusion

The conduct described above frustrates the orderly discovery process the Court directed. At the July 30, 2026 status conference, the Court cautioned the parties against boilerplate objections, warned that "if I think games are being played, . . . I'm going to come down harder on you," and expressed its expectation that counsel would act in good faith and "move to expedite this thing." July 30, 2026 Tr. 35:21–22, 36:9–13, 41:10–20, 46:4–19. Plaintiffs respectfully submit that Defendants' missing and deficient responses warrant the Court's prompt attention and a directive requiring prompt compliance, so that the parties can complete the meet-and-confer process and present any remaining disputes within an appropriate schedule. Alternatively,

---

[6] Plaintiffs circulated a proposed ESI protocol to Defendants on September 21, 2026. Rather than respond to the proposal, or offer comments or a counterproposal, several Defendants moved for a protective order. *See, e.g.*, Accuzip (24-04383), ECF No. 133; AGR (25-12137), ECF No. 51; DarkOwl (24-10600), ECF No. 123; Joy Rockwell (24-cv-04389), ECF No. 132; U.S. Data (24-07324), ECF No. 122; and Searchbug (24-05658), ECF No. 127. The same Defendants who refused to engage in negotiating an ESI protocol now point to the lack of one as their reason for producing nothing.

Plaintiffs request an expedited conference to resolve these issues, address any further conferral, and set enforceable deadlines.

We thank the Court for its continued attention to this matter.

Respectfully submitted,

**PEM LAW LLP**
*Attorneys for Plaintiffs*

*s/ Rajiv D. Parikh*
RAJIV D. PARIKH

RDP
c: Counsel of Record (via CM/ECF)